ATTORNEY FOR APPELLANT
Douglas C. Holland
Lawrenceburg, IN

ATTORNEY FOR APPELLEE SUZANNE CASSIDY
William B. Keaton
Keaton and Keaton, P.C.
Rushville, IN

_____

# In the
# Indiana Supreme Court



_____

No. 15S01-1509-CT-526

DENNIS BOYER AND
RICHARD SMITH,

*Appellants (Plaintiffs),*

v.

ERNEST SMITH, SUZANNE CASSIDY, ESQ., AND
IN-PLAS, INC.,

*Appellees (Defendants).*

_____

Appeal from the Dearborn Superior Court 1, No. 15D01-1208-CT-00032
The Honorable Jonathan N. Cleary, Judge

_____

On Petition to Transfer from the Indiana Court of Appeals, No. 15A01-1404-CT-161

_____

**September 9, 2015**

**Rush, Chief Justice.**

Indiana courts may exercise personal jurisdiction over non-residents to the fullest extent of "minimum contacts" precedent under the Fourteenth Amendment. Still, we scrutinize those contacts closely so out-of-state defendants will not be unfairly called into our state to defend themselves. Here, a Kentucky attorney's contacts and connections with Indiana were far too minimal to permit personal jurisdiction. We therefore affirm the trial court.

### Facts and Procedural History

Kentucky attorney Suzanne Cassidy (Attorney Cassidy) represented Ernest Smith (Ernest) in Kentucky in a federal employment-discrimination lawsuit against his former employers Dennis

Boyer and Richard Smith (Boyer and Richard). Boyer and Richard employed Ernest for fifteen years at their now-defunct company Alternative Plastic Services, Inc. (APS), but they declined to hire Ernest at their new business, In-Plas, Inc. Ernest initially filed his claim *pro se* with the Equal Employment Opportunity Commission's (EEOC's) Cincinnati office, which eventually transferred the claim to the Indianapolis office. Meanwhile, Ernest hired Attorney Cassidy to represent him in the matter. The Indiana EEOC issued a Notice of Right to Sue in May 2010.

Then in August 2010, Attorney Cassidy filed a complaint on Ernest's behalf in a Kentucky federal district court, naming APS, In-Plas, Boyer, and Richard as defendants. The seven-count complaint included federal and Kentucky state law allegations of age, race, and disability discrimination. The defendants moved to dismiss for lack of subject matter and personal jurisdiction, improper venue, and failure to state a claim. The district court rejected each of those claims, allowing Ernest's complaint to proceed.

During discovery, Ernest disclosed that he applied for Social Security Disability Insurance benefits in 2009 after APS closed. Later, Ernest further revealed that the Social Security Administration had found him disabled retroactive to March 13, 2009—his last day of employment with APS—six months before he filed the lawsuit. Attorney Cassidy then dismissed Boyer and Richard from the suit, and the district court eventually granted summary judgment for APS and In-Plas.

In August 2012, Boyer and Richard sued Ernest and Attorney Cassidy in an Indiana state court, alleging that the Kentucky suit was frivolous and constituted malicious prosecution, abuse of process, fraud, constructive fraud, and intentional infliction of emotional distress. On cross-motions for summary judgment, the trial court ruled in favor of Ernest and Attorney Cassidy, determining (1) it lacked subject matter jurisdiction, (2) it lacked personal jurisdiction over Cassidy, and (3) res judicata barred Boyer and Richard's claims. The court made the following factual findings as to personal jurisdiction:

> Cassidy is a resident of the Commonwealth of Kentucky. Cassidy has never resided in the State of Indiana. Cassidy is a licensed attorney in the Commonwealth of Kentucky and the State of Ohio. Cassidy has never been a licensed attorney in the State of Indiana. Cassidy does not solicit business in the State of Indiana. Cassidy has never sought to be admitted *pro hac vice* in Indiana for any case or other legal matter. Cassidy has never done business in or practiced law in the State of Indiana.

Boyer and Richard appealed, and the Court of Appeals affirmed in part and reversed in part. It held that the trial court had subject matter jurisdiction; that it had personal jurisdiction over Attorney Cassidy; and that res judicata barred Boyer and Richard's frivolous-lawsuit claim but not their other tort claims. Boyer v. Smith, 24 N.E.3d 435, 442–44 (Ind. Ct. App. 2015), vacated. Only Attorney Cassidy seeks transfer, and she raises only the personal jurisdiction issue. We now grant transfer and affirm the trial court on the personal jurisdiction issue and summarily affirm the Court of Appeals on the subject matter jurisdiction and res judicata issues. Ind. Appellate Rule 58(A)(2).

## Standard of Review

After raising lack of personal jurisdiction as a defense in her answer, Attorney Cassidy sought a ruling on the issue as part of her motion for summary judgment[1]—and the trial court characterized its order as granting summary judgment. But summary judgment is ill-suited for jurisdictional challenges, which require courts to address a "threshold question concerning the court's power to act." Perry v. Stitzer Buick GMC, Inc., 637 N.E.2d 1282, 1286 (Ind. 1994). The court has the power to "weigh the evidence to determine the existence of the requisite jurisdictional facts," id. at 1287, and to make findings to resolve factual disputes. Accordingly, a summary judgment motion attacking personal jurisdiction should be treated instead as a motion to dismiss under Trial Rule 12(B)(2)—just as we have held that subject-matter jurisdiction issues raised on summary judgment should be treated as a motion to dismiss under Rule 12(B)(1). Id.

So viewed, our standard of review is well settled. Personal jurisdiction presents a question of law we review de novo. LinkAmerica Corp. v. Cox, 857 N.E.2d 961, 965 (Ind. 2006). But whether personal jurisdiction exists can depend upon factual determinations concerning a defendant's contacts with the forum state—in which case the challenger bears the burden of disproving

---

[1] Boyer and Richard contend Attorney Cassidy waived the personal jurisdiction defense by sitting idly on the issue, participating in discovery, and then only raising it on summary judgment. But a challenge to personal jurisdiction may be raised either as an affirmative defense in the answer or in a motion to dismiss under Trial Rule 12(B)(2). Johnston v. Johnston, 825 N.E.2d 958, 962 (Ind. Ct. App. 2005). Defendants who challenge personal jurisdiction in an answer may still defend themselves and participate in discovery until the court rules on that challenge. Id. at 965.

Here, Attorney Cassidy properly asserted the personal jurisdiction defense in her answer and therefore preserved the issue for appeal. On this issue, then, we summarily affirm the Court of Appeals.

personal jurisdiction. Wolf's Marine, Inc. v. Brar, 3 N.E.3d 12, 15 (Ind. Ct. App. 2014). Accordingly, when the trial court issues findings of jurisdictional facts (as it did here), we review those findings for clear error. LinkAmerica, 857 N.E.2d at 965. In so doing, we consider whether the evidence supports the findings and whether the findings support the judgment. We will reverse the trial court's factual findings only when the record contains no facts to support them either directly or indirectly. Fischer v. Heymann, 12 N.E.3d 867, 870 (Ind. 2014).

**Discussion and Decision**

**I. Indiana's Personal Jurisdiction Approach Mirrors Federal "Minimum Contacts" Analysis.**

Personal jurisdiction refers to a court's power to impose judgment on a particular defendant. In Indiana, personal jurisdiction analysis begins with Indiana Trial Rule 4.4(A), which sets out examples of activities that often support jurisdiction. It also provides that "a court of this state may exercise jurisdiction on any basis not inconsistent with the Constitutions of this state or the United States."

In LinkAmerica Corp. v. Cox, we interpreted this catchall "any basis" provision to "reduce analysis of personal jurisdiction to the issue of whether the exercise of personal jurisdiction is consistent with the federal Due Process Clause." 857 N.E.2d at 967. More specifically, before an Indiana court can properly assert personal jurisdiction over a defendant, the Due Process Clause of the Fourteenth Amendment mandates that the defendant have "certain minimum contacts with the state such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." Id. (citing Int'l Shoe Co. v. Wash., 326 U.S. 310, 316 (1945)). Minimum contacts include acts defendants themselves initiate within or without the forum state that create a substantial connection with the forum state itself. See Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475 (1985); see also Anthem Ins. Cos., Inc. v. Tenet Healthcare Corp., 730 N.E.2d 1227, 1235 (Ind. 2000), superseded on other grounds by LinkAmerica.

The "minimum contacts" test of International Shoe and its progeny ensures that a defendant's contacts with Indiana make an Indiana court's exercise of personal jurisdiction fair and just. LinkAmerica, 857 N.E.2d at 967 (citing Int'l Shoe Co., 326 U.S. at 316). To state this another way, due process requires that potential out-of-state defendants be able to predict what conduct might make them liable in our courts. Burger King, 471 U.S. at 472 (quoting World-Wide Volkswagen

4

Corp. v. Woodson, 444 U.S. 286, 297 (1980)). See also Int'l Shoe Co., 326 U.S. at 319; Anthem Ins. Cos., 730 N.E.2d at 1235–36. "The Due Process Clause . . . gives a degree of predictability to the legal system that allows potential defendants to structure their primary conduct with some minimum assurance as to where that conduct will and will not render them liable to suit." World-Wide Volkswagen, 444 U.S. at 297 (citation omitted). Consistent with this longstanding precedent, Indiana courts will employ caution and exert potentially coercive legal authority only over a defendant who has the requisite minimum contacts to Indiana. Int'l Shoe Co., 326 U.S. at 316 (citing Pennoyer v. Neff, 95 U.S. 714 (1877)).

## II. Specific Personal Jurisdiction Must Be Based on a Defendant's Initiation of Contacts Within Indiana.

Attorney Cassidy maintains that the trial court lacked specific personal jurisdiction over her. "Since International Shoe, specific jurisdiction has become the centerpiece of modern jurisdiction theory, while general jurisdiction [has played] a reduced role." Daimler AG v. Bauman, 134 S. Ct. 746, 755 (U.S. 2014) (quoting Goodyear Dunlop Tires Operations, S.A. v. Brown, 131 S. Ct. 2846, 2854 (2001)). Specific jurisdiction exists when a lawsuit arises from or is closely related to a defendant's minimum contacts with or substantial connection to the forum state. LinkAmerica, 857 N.E.2d at 967 (citing Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414 n.8 (1984)).[2] Specific jurisdiction also requires purposeful availment—meaning a defendant invoked her contacts or connection with Indiana, and therefore should have reasonably anticipated being called into court to answer for her actions. LinkAmerica, 857 N.E.2d at 967 (citing Burger King, 471 U.S. at 474–75). Three cases guide us in spelling out the analytical framework necessary to resolve the personal jurisdiction question.

Applying the International Shoe standard, we considered in LinkAmerica whether Indiana had specific personal jurisdiction over LinkAmerica, the non-resident corporate parent of its co-defendant subsidiary. 857 N.E.2d at 968. Unlike its subsidiary, LinkAmerica took no action within

---

[2] By contrast, general personal jurisdiction arises when defendants possess "continuous and systematic" contacts with Indiana that would put them on notice they could be sued in our courts on any cause of action, even one unrelated to its contacts here. LinkAmerica, 857 N.E.2d at 967 (citing Helicopteros, 466 U.S. at 414 & n.9). Plaintiffs have not alleged Attorney Cassidy meets this standard, nor does the record show her maintaining a constant presence in Indiana to sustain general jurisdiction. Consequently, we will not address it further.

Indiana, had no contacts with Indiana, and had no contacts with the plaintiff—its name merely appeared on the subsidiary's checks (as "A LinkAmerica Company"), and their boards of directors had the same membership and held their meetings the same day. Id. Applying the minimum-contacts test, we found Indiana could not properly exercise personal jurisdiction over LinkAmerica. Id. at 970.

In Wallace v. Herron, the Seventh Circuit considered whether three California attorneys and their law firm were amenable to suit in Indiana for malicious prosecution stemming from prior litigation. 778 F.2d 391 (7th Cir. 1985). The defendants previously represented a California couple who sued an Indiana resident in California state court. Id. at 392. Defendants served interrogatories and other discovery documents and otherwise required the Indiana resident to participate in the lawsuit. Id. at 394. However, only one defendant had any actual contact within Indiana—having once travelled to Indiana to conduct depositions. Id. The court ultimately held the defendants' "contacts with Indiana [were] so attenuated that it would violate the due process clause of the Fourteenth Amendment for an Indiana court to exercise *in personam* jurisdiction over them." Id. at 395.

Then last year, the United States Supreme Court provided further guidance in evaluating minimum contacts within the context of specific jurisdiction. In Walden v. Fiore, the Court re-emphasized that minimum contacts analysis "focuses on the relationship among the defendant, the forum, and the litigation." 134 S. Ct. 1115, 1121 (U.S. 2014) (citing Keeton v. Hustler Magazine, Inc., 465 U.S. 770, 775 (1984) (quoting Shaffer v. Heitner, 433 U.S. 186, 204 (1977))). The Court reiterated that defendants themselves must take some action or cause some injury within the state to establish a contact or connection there. Id. at 1122 (citing Burger King, 471 U.S. at 475, 479–80). The Court also elaborated that specific jurisdiction depends on defendants' contacts within the state—and not simply with people who reside there. Id. These principles taken together establish a "defendant's suit-related conduct must create a *substantial connection* with the forum State." Id. at 1121 (emphasis added). Under some circumstances, just "[a] single contact with the forum state may be sufficient to establish…a substantial connection with the forum state" and establish personal jurisdiction for a "suit . . . related to that connection." LinkAmerica, 857 N.E.2d at 967 (citing McGee v. Int'l Life Ins. Co., 355 U.S. 220, 223 (1957)). (The classic example of jurisdiction arising from a single contact is when a defendant enters Indiana, commits a tort against a Hoosier, and then returns

home.) But however it may arise, a *substantial* connection to Indiana is the touchstone, because that is the only way defendants can reasonably anticipate being called into court here to defend themselves.

Incorporating federal clarifications into Indiana law, personal jurisdiction over Attorney Cassidy requires that she have minimum contacts and connections within Indiana that create or contribute to the controversy at hand. But personal jurisdiction also requires that those contacts or connections arise from her own conduct within or directed into Indiana. Only then will we find specific personal jurisdiction—based on sufficient minimum contacts within and substantial connection to Indiana. We must therefore consider whether her own "*suit-related conduct*" established minimum contacts within Indiana. Walden, 134 S. Ct. at 1121–22 (emphasis added).

### III. Attorney Cassidy Did Not Initiate Contacts Within Indiana, and Therefore Indiana Lacked Specific Jurisdiction.

Under Walden's elaboration of International Shoe and its progeny, we consider whether Attorney Cassidy's own intentional conduct created minimum contacts and connections between herself and Indiana so that she should reasonably anticipate being called into our courts. Boyer and Richard contend, and the Court of Appeals agreed, that Attorney Cassidy met that standard by corresponding with their Indiana attorney (including sending documents) about the Kentucky lawsuit, communicating with the Indianapolis EEOC office, and representing Ernest at a deposition in Indiana. Boyer, 24 N.E.3d at 442–443. We disagree, because those contacts were only with the plaintiffs and, furthermore, she neither created nor invoked those contacts herself.

Attorney Cassidy's contacts with Indiana are merely products of her relationship to plaintiffs (Boyer and Richard) and a third party (her then client and now co-defendant Ernest)—and not products of her own intentional conduct. This distinction is significant because "a defendant's relationship with a plaintiff or third party, standing alone, is an insufficient basis for jurisdiction." Walden, 134 S. Ct. at 1123. And that is all we have here. As the trial court found (and was indeed undisputed), Attorney Cassidy has never practiced law in Indiana and thus never sought nor received license from the state to do so in any capacity. Moreover, she does not seek business from Indiana or its residents. She was compelled to communicate with the Indiana EEOC because Ernest filed the EEOC claim and the Cincinnati office transferred the case to the Indianapolis office. She attended a deposition in Indiana only because Boyer and Richard's attorney scheduled it at his

Indiana office. Similarly, she corresponded with an Indiana attorney and served documents to an Indiana law office only because the Federal Rules of Civil Procedure required her to do so in order to adequately represent Ernest in the Kentucky lawsuit. It would be fundamentally unfair and unjust to pluck a Kentucky citizen from her home state and bring her to Indiana to hold her accountable in our courts when she has no minimum contacts within or substantial connection to Indiana. Indeed, if we took away Cassidy's relationship with Boyer, Richard, and Ernest, she would have absolutely no relevant contacts within Indiana. Her "suit-related conduct" of representing Ernest in federal court in Kentucky created no contact or connection within Indiana other than the fact that a plaintiff resided here. Her connection to Indiana resulted from the actions of others—and as Walden emphasizes, plaintiffs' or third parties' actions cannot serve as the only link between a defendant and a forum state. Walden, 134 S. Ct. at 1121. Simply put, Attorney Cassidy herself neither created nor invoked sufficient minimum contacts within Indiana to warrant specific personal jurisdiction in this case.[3]

### Conclusion

In sum, Indiana lacked specific jurisdiction over Attorney Cassidy. Her actions in the prior Kentucky lawsuit were taken in Kentucky, not Indiana—and we cannot say those actions were purposefully directed into or caused injury in Indiana merely because Plaintiffs are Indiana residents. Her conduct therefore did not establish a substantial connection between herself and this State, and thus cannot support personal jurisdiction. Consequently, we affirm the trial court as to the personal jurisdiction issue.

Dickson, Rucker, David, and Massa, JJ., concur.

---

[3] The personal jurisdiction analysis does not end if sufficient minimum contacts are found. "[D]ue process [also] requires that the assertion of personal jurisdiction over the defendant is reasonable." LinkAmerica, 857 N.E.2d at 967 (citing Burger King, 471 U.S. at 477). However, because we hold that Attorney Cassidy did not have sufficient minimum contacts with Indiana, we need not reach this reasonableness inquiry today.