## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Feb 29 2016, 9:16 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Thomas L. Stucky
Blume, Connelly, Jordan, Stucky &
Lauer, LLP
Fort Wayne, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Shequita Avery, | February 29, 2016 |
| *Appellant-Defendant,* | Court of Appeals Case No. 02A05-1505-SC-457 |
| v. | Appeal from the Allen Superior Court |
| Purdue University-IPFW, | The Honorable Jennifer DeGroote, Magistrate |
| *Appellee-Plaintiff* | Trial Court Cause No. 02D03-1409-SC-15200 |

**Robb, Judge.**

# Case Summary and Issue

[1] Purdue University–IPFW ("IPFW") filed a small claims action against Shequita Avery to recover scholarship funds IPFW contends were erroneously applied to Avery's financial aid account. Avery filed a motion to dismiss IPFW's complaint for lack of personal jurisdiction. The small claims court denied Avery's motion to dismiss and certified the matter for interlocutory appeal. We accepted jurisdiction. Concluding the small claims court erred in denying Avery's motion to dismiss, we reverse and remand.

# Facts and Procedural History

[2] Avery is a lifetime resident of Alabama and single mother of four children. She is employed as a phlebotomist and earns approximately $18,000.00 per year. Her father, an Army veteran, has resided in Indiana since 1973 and lives with a service-connected disability. He travels to Alabama to visit Avery and his grandchildren for holidays. Avery has never been to Indiana.

[3] In 2013, the Indiana Department of Veterans' Affairs ("DVA") informed Avery's father that his children may be eligible for tuition assistance through Indiana's Child of a Disabled Veteran Program (known as CVO). *See* Ind. Code §§ 21-14-4-1 to -8. Avery contacted the DVA to inquire about her eligibility as an Alabama resident. According to Avery, a DVA representative told her the scholarship would only be approved for the cost of in-state tuition and that a state university could, in its discretion, accept the scholarship for a

non-resident. Avery requested an application from the DVA and applied for a CVO scholarship. Under the "Student Data" section, Avery listed an Alabama address and an Alabama phone number. Appendix of Appellant at 17. The DVA certified Avery's eligibility, and Avery registered for online classes with IPFW. IPFW awarded Avery a CVO scholarship totaling $3,117.00, which covered the cost of tuition for Avery's spring 2014 semester because IPFW does not distinguish between residents and non-residents for online class tuition.

[4] Several months later, in April, IPFW rescinded the scholarship, citing Avery's non-resident status. The Assistant Director of Financial Aid sent Avery an email stating Avery was ineligible for the scholarship and that it was not clear from the CVO paperwork that Avery is a resident of Alabama. At this point in the semester, Avery was not permitted to withdraw and owed IPFW the full scholarship amount.

[5] In September 2014, IPFW sued Avery in small claims court for the amount of the scholarship plus $1,000.00 in attorney fees and $94.00 in court costs, for a total of $4,198.00. Rather than file an answer, Avery filed a motion to dismiss for lack of personal jurisdiction under Indiana Trial Rule 12(B)(2). IPFW did not file a response. The small claims court held a hearing and denied Avery's motion to dismiss. Thereafter, Avery filed a motion to certify the matter for interlocutory appeal pursuant to Indiana Appellate Rule 14(B). The small claims court certified its order denying Avery's motion to dismiss on April 22, 2015, and we accepted jurisdiction over the appeal on July 6, 2015.

# Discussion and Decision

## I. Standard of Review

[6] Avery contends the small claims court erred in denying her motion to dismiss for lack of personal jurisdiction under Indiana Trial Rule 12(B)(2). Jurisdiction is presumed in Indiana and need not be alleged in the complaint. *MBNA Am. Bank, N.A. v. Rogers*, 835 N.E.2d 219, 221 (Ind. Ct. App. 2005), *trans. denied*. Unless a lack of jurisdiction is apparent on the face of the complaint, the party challenging jurisdiction has the burden of establishing the lack thereof by a preponderance of the evidence. *Attaway v. Omega*, 903 N.E.2d 73, 76 (Ind. Ct. App. 2009).

> The legal question of whether personal jurisdiction exists given a set of facts is reviewable de novo. However, the presence of personal jurisdiction is based on the existence of jurisdictional facts. When determining these facts, the trial court is performing its classic fact-finding function, often evaluating the character and truthfulness of witnesses, and is in a better position to determine these issues than a reviewing court. For this reason, a trial court's findings of jurisdictional facts are generally reviewed for clear error.

*Anthem Ins. Cos., Inc. v. Tenet Healthcare Corp.*, 730 N.E.2d 1227, 1238 (Ind. 2000), *superseded by rule on other grounds*.

[7] It appears, however, that the small claims court did not make any findings of jurisdictional facts. We have previously held, "Where the trial court did not find jurisdictional facts, we may accept the plaintiff's well-pleaded facts to the

extent they are not challenged, and we may view challenged facts in favor of the plaintiff." *JPMorgan Chase Bank, N.A. v. Desert Palace, Inc.*, 882 N.E.2d 743, 747 (Ind. Ct. App. 2008), *trans. denied*. But the complaint here does not mention any facts relevant to the jurisdiction question. The complaint indicates IPFW filed an "account" claim against Avery, but the section that is supposed to contain "[a] brief statement of the nature of the claim" merely states, "Pursuant to IC 33-37-3-1 and IC 21-14-2-11, Plaintiff may collect attorney fees and collection costs. Defendant is therefore liable for the principal amount of $3117.00, attorney fees in the amount of $1000.00, plus interest and costs." Supplemental Appendix of Appellant at 1. IPFW did not file a response to Avery's motion to dismiss, nor a brief in this appeal—meaning IPFW has never challenged Avery's account of the underlying facts. In this situation, we have no choice but to accept the facts as Avery presented them in her motion to dismiss.

[8] Finally, we note that when an appellee fails to submit a brief, we do not undertake the burden of developing an argument on its behalf. *Trinity Homes, LLC v. Fang*, 848 N.E.2d 1065, 1068 (Ind. 2006). Instead, we review for prima facie error; that is, error "at first sight, on first appearance, or on the face of it." *Id.* (citation omitted).

## II. Personal Jurisdiction

[9] Personal jurisdiction refers to a court's power to impose judgment on a particular defendant. *Boyer v. Smith*, 42 N.E.3d 505, 509 (Ind. 2015). Indiana

Trial Rule 4.4(A) sets out examples of activities that often support jurisdiction, but it also includes a "catchall" provision permitting the exercise of jurisdiction "on any basis not inconsistent with the Constitutions of this state or the United States." *Id.* (quoting Ind. Trial Rule 4.4(A)). In *LinkAmerica Corp. v. Cox*, 857 N.E.2d 961 (Ind. 2006), our supreme court held this "catchall" provision "reduce[s] analysis of personal jurisdiction to the issue of whether the exercise of personal jurisdiction is consistent with the Federal Due Process Clause." *Id.* at 966-67.

[10] Before an Indiana court can properly assert personal jurisdiction over a defendant, the Due Process Clause of the Fourteenth Amendment requires that the defendant have certain "minimum contacts" with the state "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Id.* at 967 (quoting *Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 316 (1945)) (internal quotation marks omitted). If the defendant's contacts with the state are so "continuous and systematic" that the defendant should reasonably anticipate being haled into the state's courts for any matter, the defendant is subject to general jurisdiction. *Id.* (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 415 n.9 (1984)). If the defendant's contacts with the state are not "continuous and systematic," the defendant may be subject to specific jurisdiction "if the controversy is related to or arises out of the defendant's contacts with the forum state." *Id.* (citing *Helicopteros*, 466 U.S. at 414 & n.8).

[11] Specific jurisdiction requires purposeful availment. *Id.* The defendant's contacts must include some action by which the defendant "purposefully

avails" herself of "the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Anthem*, 730 N.E.2d at 1233-34 (quoting *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)). A single contact with the forum state may be sufficient to establish specific jurisdiction if the contact creates a "substantial connection" with the forum state and the suit arises from that connection. *LinkAmerica*, 857 N.E.2d at 967 (quoting *McGee v. Int'l Life Ins. Co.*, 355 U.S. 220, 223 (1957)). When evaluating a defendant's contacts with the forum state, a court should consider:

> (1) whether the plaintiff's claim arises from the defendant's forum contacts; (2) the overall contacts of the defendant or its agent with the forum state; (3) the foreseeability of being haled into court in that state; (4) who initiated the contacts; and (5) whether the defendant expected or encouraged contacts with the state.

*Wolf's Marine, Inc. v. Brar*, 3 N.E.3d 12, 15 (Ind. Ct. App. 2014).

[12] But even if a defendant's contacts are sufficient to confer jurisdiction, due process requires the assertion of jurisdiction over the defendant be reasonable. *LinkAmerica*, 857 N.E.2d at 967. Reasonableness of exercising jurisdiction over a defendant is determined by weighing the following factors:

> (1) the burden on the defendant; (2) the forum State's interest in adjudicating the dispute; (3) the plaintiff's interest in obtaining convenience and effective relief; (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and (5) the shared interest of the several States in furthering fundamental substantive social policies.

*Id.* at 967-68 (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476-77 (1985)). "The fairness inquiry is separate from the contacts question and may be used to defeat jurisdiction even if the defendant has sufficient contacts with the forum state." *Brockman v. Kravic*, 779 N.E.2d 1250, 1257 (Ind. Ct. App. 2002).

[13]    We conclude Avery's contacts with the State of Indiana are sufficient to establish specific jurisdiction but that exercise of jurisdiction over Avery would not be reasonable. Although Avery has never visited or resided in Indiana, she contacted Indiana's DVA to inquire about CVO scholarships. After speaking with a DVA representative, Avery requested an application for the program. Our state seal appears at the top of the application, which was titled "2013-14 Application for Remission of Fees for a Child of a Disabled Indiana Veteran or a POW/MIA." App. at 17. The application also states that the required disclosure of applicants' Social Security numbers complies with Indiana Code section 4-1-8-1. Avery completed the application, submitted it to the DVA, and accepted the scholarship that was offered. She then registered for online classes with IPFW, a state university, and participated in the classes until IPFW rescinded the scholarship. These contacts, albeit limited, were initiated by Avery and gave rise to IPFW's claim. Under these circumstances, Avery purposely availed herself of the privilege of conducting activities in Indiana. *See Anthem*, 730 N.E.2d at 1233-34.

[14]    Nonetheless, we conclude the small claims court erred in denying Avery's motion to dismiss because the exercise of jurisdiction over Avery would offend due process. Given our standard of review in this case, we believe Avery

demonstrated it would be unreasonable to require her to litigate in Indiana. Avery is a single working mother of four children, ages three to fourteen years old, and she earns only $18,000.00 per year. Requiring Avery to miss work, arrange childcare, and travel to Indiana would create a substantial hardship that would outweigh IPFW's interest in obtaining convenient relief. *Cf. McGee*, 355 U.S. at 223-23 (holding the burden on individual insurance claimants who likely cannot afford to litigate in foreign forums outweighs any inconvenience suffered by an insurance company required to litigate in a state where it had no offices and only one customer).[1]

# Conclusion

Avery established prima facie error in the small claims court's denial of her motion to dismiss for lack of personal jurisdiction. We therefore reverse and remand this case to the small claims court for proceedings consistent with this opinion.

Reversed and remanded.

Barnes, J., and Altice, J., concur.

---

[1] Given the particular facts before us and our standard of review, the remaining reasonableness factors do not significantly favor or disfavor the exercise of jurisdiction in this case. *See LinkAmerica*, 857 N.E.2d at 967.