**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 4, 2017*
Decided June 9, 2017

**Before**

MICHAEL S. KANNE, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 16-4071

| | |
|---|---|
| CYNTHIA JOHNSON, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Southern District |
| | of Indiana, Indianapolis Division. |
| *v.* | |
| | No. 1:15-cv-01632-RLY-DKL |
| BRIAN C. HARTWELL, et al., | |
| *Defendants-Appellees.* | Richard L. Young, |
| | *Judge.* |

**O R D E R**

Cynthia Johnson, a resident and citizen of Indiana, appeals the dismissal for lack of personal jurisdiction of her state-law claims against an apartment-rental agency, its manager, and its lawyer, all citizens of Michigan. She also appeals the district court's refusal to grant default judgments against these defendants. Because the defendants have no relevant contacts with Indiana, we affirm the district court's judgment.

---

* We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. See Fed. R. App. P. 34(a)(2)(C).

Johnson co-signed a lease with her son for an apartment controlled by P&J Apartments, LLC, in which her son would live in Troy, Michigan. When the rent was late, Paul Boehms, the manager of the apartments, hired Brian Hartwell, a lawyer, to collect it from Johnson. Hartwell sent a collection letter to Johnson's home in Indiana as well as to several email addresses and a home in Michigan. Johnson responded by suing P&J, Boehms, and Hartwell in federal court in the Southern District of Indiana. She invoked the court's diversity jurisdiction and alleged tort claims under Indiana law for negligence, intentional infliction of emotional distress, and "privacy violations." She contends that the defendants disclosed her social security number, driver's license information, and work history to the people who received Hartwell's emails and mail. The defendants moved to dismiss for lack of personal jurisdiction, asserting that they reside and do business only in Michigan and have no connection to Indiana. The district court agreed and dismissed the suit.

Because Indiana law governs, we apply that state's law of personal jurisdiction, which extends to the full scope permitted by the federal Due Process Clause. See *Felland v. Clifton*, 682 F.3d 665, 672 (7th Cir. 2012); *Boyer v. Smith*, 42 N.E.3d 505, 509 (Ind. 2015). Personal jurisdiction can be general or specific. For a court to exercise general personal jurisdiction, the defendants must have had "continuous and systematic" contacts with the forum state. *Felland*, 682 F.3d at 673. Specific jurisdiction requires that the claims in the lawsuit arise from the defendants' contacts with the forum state. *Id.*

On appeal Johnson argues that because her tort claims are based on the defendants' actions of sending collection notices revealing private data, the claims support specific personal jurisdiction in Indiana. A defendant is subject to specific personal jurisdiction on a tort claim if the defendant "expressly aimed" tortious conduct at the forum state. See *Mobile Anesthesiologists Chi., LLC v. Anesthesia Assocs. of Hous. Metroplex, P.A.*, 623 F.3d 440, 444–46 (7th Cir. 2010). The Supreme Court has applied this standard in the context of a similar tort—libel. See *Walden v. Fiore*, 134 S. Ct. 1115, 1123–25 (2014). Libel supports personal jurisdiction in the forum state "only if communicated to (and read and understood by) third persons" in that state. *Id*. at 1124. In Johnson's case, the alleged tort involved sending Johnson's personal information to third parties in Michigan and elsewhere, but not Indiana. The only collection letter connecting the defendants to Indiana was the one that Johnson herself received there. Johnson's receipt of that letter is not enough to subject the defendants to personal jurisdiction in Indiana. As we have said, "after *Walden* there can be no doubt that 'the plaintiff cannot be the only link between the defendant and the forum.'" *Advanced Tactical Ordnance Sys., LLC v. Real Action Paintball, Inc.*, 751 F.3d 796, 802 (7th Cir. 2014).

Johnson has an alternative argument, but it fares no better. She contends that, in arranging to rent the Michigan apartment to her son, Boehms contracted and corresponded with Johnson, knowing that she lived in Indiana. Contracts with a connection to a particular forum may supply sufficient minimum contacts for a court to exercise personal jurisdiction in that forum. See *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474–76 (1985); *McGee v. International Life Insurance Co.*, 355 U.S. 220 (1957). But by itself a contract with a forum-state party does not automatically establish personal jurisdiction in the forum, *Northern Grain Marketing, LLC v. Greving*, 743 F.3d 487, 493–94 (7th Cir. 2014), quoting *Purdue Research Foundation v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 781 (7th Cir. 2003). Instead, courts examine "prior negotiations, contemplated future consequences, the terms of the contract, and the parties' course of actual dealing with each other" to determine if the defendant has "purposefully availed" itself of conducting business in the forum. *Id.*

These factors do not support personal jurisdiction in this case. Johnson's contract with Boehms and P&J contemplated the lease of a home in Michigan, and payment was to be made to P&J, a company also based in Michigan. It is true that Johnson received correspondence from the defendants and paid rent to P&J while she happened to be in Indiana. But her location there was incidental to the contract. Nothing about Indiana bore on the transaction for purposes of personal jurisdiction. See *Philos Tech., Inc. v. Philos & D, Inc.*, 802 F.3d 905, 914–15 (7th Cir. 2015) (holding that Korean companies lacked minimum contacts with Illinois despite contract with Illinois company and visits to state because contract was a "Korean business deal from start to finish, with a couple of incidental interactions with Illinois"); *Northern Grain Marketing, LLC*, 743 F.3d at 494–96 (holding that Wisconsin farmer lacked minimum contacts with Illinois grain-buyer despite contract because performance of contract occurred in Wisconsin; only connection to Illinois was payment from grain-buyer). The contract here established only a "random" or "fortuitous" connection with Indiana that was not sufficient to establish personal jurisdiction there. See *Walden*, 134 S. Ct. at 1123.

Johnson also challenges the district court's denial of her two motions for default judgments. Because the district court lacked personal jurisdiction over the defendants, default judgments would have been void. *be2 LLC v. Ivanov*, 642 F.3d 555, 557–58 (7th Cir. 2011). Even if we put aside the issue of personal jurisdiction, Johnson's requests for default judgments were frivolous. She first moved for a default judgment when, after serving defendants *only* with notice of the lawsuit and a request that they waive service, the defendants did not respond to the request. She was not entitled to a default at that point because the defendants had not yet been served with summons. See Fed. R. Civ. P. 4(c)(1). By the time she moved again for a default, the defendants had timely moved to

dismiss the complaint. See Fed. R. Civ. P. 55(a). The district court would have abused its discretion by granting Johnson's motions; it certainly did not err by denying them.

The judgment of the district court is AFFIRMED.