

ATTORNEYS FOR APPELLANTS
CADORATH AEROSPACE
LAFAYETTE, LLC, AND CADORATH
AEROSPACE, INC.

Douglas B. Bates
Chelsea R. Stanley
Stites & Harbison PLLC
Jeffersonville, Indiana

ATTORNEYS FOR APPELLANT
H-S TOOL & PARTS, INC.

Pfenne P. Cantrell
Jennifer M. Van Dame
Indianapolis, Indiana

ATTORNEYS FOR APPELLEES

Frederick R. Hovde
Nicholas C. Deets
William F. Eckhart
Hovde Dassow & Deets, LLC
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Cadorath Aerospace Lafayette,
LLC, Cadorath Aerospace, Inc.,
and H-S Tool & Parts, Inc.,

*Appellants-Defendants,*

Rolls-Royce Corporation, Inc.,

*Defendant,*

v.

Colleen Ricks, as the Personal
Representative of the Estate of
Brandon Seth Ricks; Cynthia

October 17, 2019

Court of Appeals Case No.
18A-CT-2953

Appeal from the Marion Superior
Court

The Honorable Patrick J. Dietrick,
Judge

Trial Court Cause No.
49D12-1703-CT-9915

Cobb, as Executrix of the Estate
of Steven Wallace Cobb; and
Brendan Mullen,

*Appellees-Plaintiffs*

**Baker, Judge.**

[1] Following a helicopter crash in 2015, Colleen Ricks, Cynthia Cobb, and Brendan Mullen (the Accident Victims) sued Cadorath Aerospace Lafayette, LLC and Cadorath Aerospace, Inc. (the Cadorath Defendants), along with H-S Tool & Parts, Inc. (H-S Tool), and the Rolls-Royce Corporation, Inc. (Rolls-Royce), in Indiana. The Accident Victims alleged that the collective Appellants negligently repaired the helicopter engine, causing the crash. The Cadorath Defendants and H-S Tool moved to dismiss for lack of personal jurisdiction, arguing that they did not have sufficient minimum contacts with the state of Indiana. The trial court summarily denied their motions.

[2] In this consolidated interlocutory appeal, the Cadorath Defendants and H-S Tool contend that the trial court erred when it denied their motions to dismiss for lack of personal jurisdiction, arguing that (1) the Cadorath Defendants and H-S Tool did not automatically consent to jurisdiction in Indiana simply because there is a forum-selection clause or an indemnity provision in an unrelated contract; (2) there are insufficient minimum contacts between the

Cadorath Defendants, H-S Tool, and the state of Indiana to establish specific personal jurisdiction; and (3) even if there are sufficient minimum contacts, Indiana's jurisdiction over this case would be unreasonable and would offend traditional notions of fair play and substantial justice. Finding that there are insufficient minimum contacts to establish personal jurisdiction, we reverse.

# Facts[1]

### *The Parties and the Accident*

[3]    The Cadorath Defendants—Cadorath Aerospace Lafayette, LLC (Cadorath LLC) and Cadorath Aerospace, Inc. (Cadorath, Inc.)—are entities that fix and repair helicopter engine parts. Cadorath LLC conducts its services at a repair facility in Louisiana and is organized under the laws of Louisiana. Additionally, its principal place of business is in Louisiana. Its sole member is a Canadian corporation. Cadorath, Inc., conducts its services at a repair facility in Winnipeg, Canada, and its principal place of business is also in Winnipeg. Neither organization provides repair or maintenance services in Indiana. They have no agents or employees in Indiana, they have no facilities or property in Indiana, they do not advertise services in Indiana, they are not registered to do business in Indiana, and less than one percent of their revenue comes from services provided to entities located in Indiana.

---

[1] We held oral argument in this case on September 17, 2019, in Indianapolis. We thank both parties for their stimulating discussion and excellent oral advocacy.

[4]     H-S Tool is a Canadian corporation—established under the laws of British Columbia—that repairs and services helicopter engine components. Its sole place of business is in British Columbia, and it is not registered to do business in Indiana. H-S Tool does not have a mailing address, office, or any employee that resides in Indiana, and it does not have any property in or fiduciary tie to Indiana aside from the infrequent transaction with an Indiana business entity. Also, there are no H-S Tool distributors, agents, or warehouses in Indiana.

[5]     Rolls-Royce[2] is an Indiana corporation that predominantly manufactures luxury automobiles. However, in the context of this appeal, Rolls-Royce writes and publishes manuals and other technical documents concerning helicopter engines—including the one pertinent to this case. It also manufactures helicopter engines. Its principal place of business is in Indianapolis.

[6]     The Accident Victims include Colleen Ricks, as personal representative of Brandon Ricks, who died in the helicopter accident; Cynthia Cobb, as executrix of the estate of Steven Cobb, who also died in the helicopter accident; and Brendan Mullen, who was severely injured in the accident. Brandon and Colleen Ricks were residents of Oklahoma, Steven and Cynthia Cobb were residents of Mississippi, and Brendan Mullen is a resident of Montana.

---

[2] Rolls-Royce did not move to dismiss for lack of personal jurisdiction and is, therefore, not a party to this interlocutory appeal. However, its involvement with this case is crucial to our legal analysis.

The accident occurred on March 30, 2015, in Saucier, Mississippi, after the Rolls-Royce Model 250 helicopter engine allegedly failed. The Accident Victims claim that the Cadorath Defendants and H-S Tool performed negligent repair work on the outer combustion case (OCC) of the Rolls-Royce engine sometime after an OCC overhaul in 2003.

### *The Cadorath Defendants and Rolls-Royce*

On March 15, 2004, Cadorath, Inc., entered into an Authorized Repair Facility agreement (ARF) with Rolls-Royce. Cadorath LLC did the same with Rolls-Royce on March 31, 2005. These ARFs contemplated that the two entities would work together in the future to develop repair processes and to complete off-manual repairs at these facilities. Included in these ARFs was an indemnity provision that states, in pertinent part, as follows:

> The Repair Facility agrees to indemnify and hold ROLLS-ROYCE harmless from any and all claims, demands, suits, judgment or causes of action for or on account of injury to or death of persons or loss or damage to property arising from the performance by the Repair Facility of the Repair Process except to the extent caused by the negligence or other wrongful act of ROLLS-ROYCE.

Appellants' Joint App. Vol. IV p. 151 (emphases in original). These ARFs were in effect at the time the Accident Victims allege the negligent repairs took place. There is no evidence showing that Cadorath, Inc., ever worked on OCC repairs, and the evidence shows that Cadorath LLC only ever worked on OCC repairs in 2006 and 2008 in Lafayette, Louisiana. Additionally, Rolls-Royce has not asserted an indemnity claim against the Cadorath Defendants. Cadorath

LLC utilized a repair process instruction sheet (RPIS) that followed Rolls-Royce's overhaul manual and utilized Parts Repair Procedures Letters (PRPL) for recommended repairs. Cadorath LLC accessed these Rolls-Royce materials through an online search in Louisiana. The Cadorath Defendants did not create these RPIS, PRPLs, or manuals, nor did they work in tandem with Rolls-Royce to develop them. Rather, Cadorath LLC followed these procedures when making repairs, as it was obligated to do under federal law.

[9] In February 2010, the Cadorath Defendants entered into new ARFs with Rolls-Royce, which both included a forum-selection clause. That clause reads as follows:

> The parties hereby agree that all suits, actions, proceedings, litigation, disputes or claims relating to or arising out of this Agreement shall be brought and tried in the Superior or Circuit Court of Marion County, Indiana or the United States District Court for the Southern District of Indiana, Indianapolis Division. In this regard, the parties hereby . . . (b) *irrevocably consent to service of process and to the jurisdiction and venue of any of such courts*, and (c) irrevocably waive any claim of inconvenient forum if any such suit, claim, proceeding, litigation, dispute or claim has been filed, brought or made in either of such courts.

*Id.* at 207 (emphasis added).

### *H-S Tool and Rolls-Royce*

[10] In 2000, H-S Tool entered into an ARF, Technical Assistance, and Non-Disclosure Agreement with Rolls-Royce. This agreement stipulated that H-S Tool would pay "Technical Assistance Fees" to Rolls-Royce for certain repairs of Rolls-Royce components by H-S Tool. The agreement was finalized on

December 8, 2000, by representatives for H-S Tool and Rolls-Royce in British Columbia and Indianapolis, respectively.

[11] The 2000 agreement also stipulated that Rolls-Royce would provide proprietary business information to H-S Tool so that H-S Tool could properly repair Rolls-Royce engines. H-S Tool agreed to share similar proprietary information along with the Technical Assistance Fees. H-S Tool's repair facility would submit quarterly reports to Rolls-Royce to account for all expenses, and the ARF obligated H-S Tool to use only "Qualified Repair Processes" and repair parts approved by Rolls-Royce. However, the actual repair procedure was developed by H-S Tool "and was submitted to the [Federal Aviation Administration (FAA)] for approval," H-S Tool appellant's br. p. 30, similar to the procedure for the Cadorath Defendants.

[12] Another section of this agreement spelled out the relationship between Rolls-Royce and H-S Tool. It reads, in pertinent part, as follows:

> The relationship between ROLLS-ROYCE and the Repair Facility created by this Agreement shall be that of Independent Contractors and not that of principal and agent.

Appellants' Joint App. Vol. IV p. 18 (emphasis in original). Also, similar to the ARFs signed between Rolls-Royce and the Cadorath Defendants, this ARF contained a forum-selection clause and an indemnity provision. They are nearly identical in language. The first is the indemnity provision, and it reads as follows:

> The Repair Facility agrees to indemnify and hold ROLLS-ROYCE harmless from any and all claims, demands, suits, judgments or causes of action for or on account of injury to or death of persons . . . arising from the performance by the Repair Facility of the Repair Process except to the extent caused by the negligence or other wrongful act of ROLLS-ROYCE.

*Id.* at 17 (emphases in original). Rolls-Royce has not asserted an indemnity claim against H-S Tool. The second is the forum-selection clause, and it reads as follows:

> . . . The parties agree that the courts of the State of Indiana or the United States Federal Courts located in the State of Indiana, as the case may be, shall [sic] exclusive jurisdiction over all disputes which may arise under this Agreement and each of the parties irrevocably and unconditionally submits to the exclusive jurisdiction of such courts.

*Id.* at 18-19.

[13] This ARF between H-S Tool and Rolls-Royce remained in effect until 2009, nearly six years after the 2003 OCC overhaul. An H-S Tool representative signed the new ARF on December 1, 2009, in British Columbia, and a Rolls-Royce representative signed the new ARF on December 18, 2009, in Indiana. The new ARF contained the same clauses about sharing proprietary information, the relationship between the two entities as independent contractors, the indemnity provision, and the forum-selection clause.

### The Litigation

[14] On December 10, 2015, Colleen filed a negligent repair suit against the Cadorath Defendants, Rolls-Royce, and H-S Tool in the United States District

Court for the Eastern District of Louisiana. Rolls-Royce filed a motion to dismiss on the grounds that the Louisiana district court lacked personal jurisdiction to hear the case. The district court granted Rolls-Royce's motion and transferred the case to the Southern District of Indiana. Colleen then voluntarily dismissed her claims against the Cadorath Defendants and H-S Tool in Louisiana and Rolls-Royce in the Southern District. Colleen then filed the same suit against the same defendants on March 17, 2017, in the Marion County Superior Court. Shortly thereafter, Brendan and Cynthia joined the litigation as co-plaintiffs.

[15] H-S Tool and the Cadorath Defendants moved to dismiss the case for lack of personal jurisdiction on June 2, 2017, and on June 16, 2017, respectively. Both plaintiffs and defendants were granted leave to amend and refile their complaints and defenses. The trial court also granted the Accident Victims leave to conduct jurisdictional discovery. After briefing and a hearing, on September 14, 2018, the trial court summarily denied both the Cadorath Defendants' and H-S Tool's motions to dismiss. The Cadorath Defendants and H-S Tool now bring this consolidated interlocutory appeal.

# Discussion and Decision

[16] The Cadorath Defendants and H-S Tool raise three main arguments on appeal, which we consolidate and restate as follows: did the Cadorath Defendants or H-S Tool have sufficient minimum contacts with Indiana—either through their

actions pertinent to the Accident Victims' claim or through their contracts with Rolls-Royce—to establish specific jurisdiction?[3]

[17] "[W]e review a trial court's determination regarding personal jurisdiction de novo." *Munster v. Groce*, 829 N.E.2d 52, 57 (Ind. Ct. App. 2005). If the trial court has made findings of jurisdictional facts, those findings are reviewed for clear error if based on in-court testimony. *Id.* However, because the trial court here did not make findings of fact or conclusions of law, "our review of the trial court's personal jurisdiction ruling is entirely de novo." *Id.*

### *Minimum Contacts*

[18] Our understanding of specific jurisdiction is well established:

> "Specific jurisdiction exists when a lawsuit arises from or is closely related to a defendant's minimum contacts with or substantial connection to the forum state." *Boyer* [*v. Smith*, 42 N.E.3d 505, 510 (Ind. 2015)]. In other words, specific jurisdiction requires purposeful availment. *Id.* A single contact with the forum state may be sufficient to establish specific jurisdiction over a defendant, if it creates a "substantial connection" with the forum state and the suit is related to that connection. *McGee v. Int'l Life Ins. Co.*, 355 U.S. 220, 223, 78 S.Ct. 199, 2 L.E.2d 223 (1957).

*Simek v. Nolan*, 64 N.E.3d 1237, 1242-43 (Ind. Ct. App. 2016); *see generally Int'l Shoe Co. v. State of Wash., Office of Unempl't and Placement*, 326 U.S. 310, 316 (1945). In other words, for a state court to exercise specific jurisdiction over an

---

[3] We need only conduct a specific jurisdiction analysis because all parties have conceded that Indiana does not have general jurisdiction over the Cadorath Defendants or H-S Tool.

action, "there must be an 'affiliation between the forum and the underlying controversy, principally, [an] activity or an occurrence that takes place in the forum State." *Bristol-Myers Squibb Co. v. Super. Ct. of Cal., S.F. Cty.*, 137 S.Ct. 1773, 1781 (2017) (quoting *Goodyear Dunlop Tire Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)) (brackets in original).

[19]    In this case, there was no relevant activity or occurrence that took place in Indiana. This is a negligent repair action, and the record plainly shows that no repairs occurred here. Cadorath LLC conducts its services at a repair facility in Louisiana and is organized under the laws of Louisiana. Its principal place of business is in Louisiana. As for Cadorath, Inc., it conducts services at a repair facility in Winnipeg, Canada, and its principal place of business is also in Winnipeg. Neither organization has provided repair or maintenance services in Indiana, and neither organization has agents, employees, facilities, properties, services, or advertisements in Indiana.

[20]    There is nearly identical evidence showing that H-S Tool had no such contacts with Indiana. H-S Tool, a Canadian corporation established under the laws of British Columbia, has its principal place of business in British Columbia. H-S Tool is not registered to do business in Indiana, and it has no mailing address, office, or any employee associated with Indiana. The record reveals that H-S Tool did not conduct any repairs in Indiana or deliberately ship parts to Indiana companies.

We find that there are no minimum contacts between the Appellants and the state of Indiana related to the allegedly negligent repairs. Therefore, no specific jurisdiction exists on this basis.

### *Relationships with Rolls-Royce*

The Accident Victims also contend that the forum-selection clauses and the indemnity provisions contained in the ARFs established the requisite connection between the Appellants and Indiana. Stated another way, the Accident Victims argue that because the Cadorath Defendants and H-S Tool agreed to certain contract provisions that would require them to litigate disputes arising out of those contracts in Indiana, the Appellants were effectively on notice that Indiana was a potential venue for any type of litigation and waived any claim to the contrary. According to the Accident Victims:

> . . . H-S Tool and Cadorath took purposeful action to establish a decades-long contractual relationship with Rolls-Royce in Indiana, and in doing so they consented to Indiana jurisdiction for suits arising from that relationship. These personal injury claims arise from that relationship. H-S Tool and Cadorath should have reasonably anticipated being haled into Indiana court to answer claims related to work performed under those contracts.

Appellees' Br. p. 28.

This argument is unavailing for two reasons. First, the Accident Victims are not parties to these agreements nor are they in privity with the parties to these agreements. *See OEC-Diasonics, Inc. v. Major*, 674 N.E.2d 1312, 1314-15 (Ind. 1996) (holding that only parties to a contract or those in privity with the parties

have rights unless a third party can show that an overriding purpose of the contract was to impose an obligation on one of the contracting parties in favor of a third party). "Nothing in this Agreement, expressed or implied, is intended to confer upon any person, other than the parties hereto[] . . . any rights, remedies, obligations or liabilities under or by reason of this Agreement." Appellants' Joint App. Vol. IV at 206. As such, the Accident Victims may not enforce the forum-selection clauses.[4]

[24] Second, in *Bristol-Myers Squibb*, the United States Supreme Court explicitly rejected this jurisdictional approach:

> Under the California approach, the strength of the requisite connection between the forum and the specific claims at issue is relaxed if the defendant has extensive forum contacts that are unrelated to those claims. Our cases provide no support for this approach, which resembles a loose and spurious form of general jurisdiction. For specific jurisdiction, a defendant's general connections with the forum are not enough. As we have said, "[a] corporation's continuous activity of some sorts within a state . . . is not enough to support the demand that the corporation be amendable to suits unrelated to that activity."

*Bristol-Myers Squibb*, 137 S.Ct. at 1781 (quoting *Goodyear*, 564 U.S. at 927) (internal citation omitted). The Accident Victims would have us employ this same "sliding scale," *id.*, approach, which we may not do. The fact that two

---

[4] The Accident Victims also argue that the indemnity provisions of the ARFs automatically force the Cadorath Defendants and H-S Tool to consent to litigation in Indiana. However, the record reveals that Rolls-Royce has not asserted an indemnity claim against the Cadorath Defendants or H-S Tool in this action, and we will not find personal jurisdiction based on prospective minimum contacts that do not yet exist.

different organizations contract with an Indiana-based corporation does not, in and of itself, establish the requisite minimum contacts necessary for specific jurisdiction. *See, e.g.*, *RAR, Inc. v. Turner Diesel, Ltd.*, 107 F.3d 1272, 1278 (7th Cir. 1997) (holding that more than just an ongoing relationship with a business entity must exist to establish specific personal jurisdiction because "the action must directly arise out of the specific contacts between the defendant and the forum state").

[25] The contacts between the Cadorath Defendants, H-S Tool, and Rolls-Royce represent, at most, a watered-down version of general jurisdiction that is not present in this case. Pursuant to *Bristol-Myers Squibb*, we hold that the forum-selection clauses and the indemnity provisions in the ARFs do not create the minimum contacts to establish specific jurisdiction.

[26] In sum, Indiana does not have personal jurisdiction over this matter. We recognize the financial and pragmatic strain that this decision places on all parties involved. However, we will not find personal jurisdiction when it is plainly not present. Additionally, we have neither the necessary information nor the judicial authority to decree exactly where the parties should litigate this matter. We only find that the evidence and legal arguments proffered by all parties lead us to one singular conclusion: the trial court erred.

[27] The judgment of the trial court is reversed.


Crone, J., concurs.
Kirsch, J., dissents with a separate opinion.

| | |
|---|---|
| Cadorath Aerospace Lafayette, LLC, Cadorath Aerospace, Inc., and H-S Tool & Parts, Inc., | Court of Appeals Case No. 18A-CT-2953 |
| *Appellants-Defendants,* | |
| Rolls-Royce Corporation, Inc., | |
| *Defendant,* | |
| v. | |
| Colleen Ricks, as the Personal Representative of the Estate of Brandon Seth Ricks; Cynthia Cobb, as Executrix of the Estate of Steven Wallace Cobb; and Brendan Mullen, | |
| *Appellees-Plaintiffs.* | |

**Kirsch, Judge, *dissenting.***

[28]    I respectfully dissent.

[29]    Rolls-Royce Corporation, Inc. (Rolls-Royce) is a Delaware corporation with offices in Indianapolis. The defendants H-S Tool & Parts, Inc. (H-S Tool),

Cadorath Aerospace, LLC, and Cadorath Aerospace, Inc. (collectively, the Cadorath Defendants) are Rolls-Royce Authorized Repair Facilities. The tragedy which gave rise to this lawsuit relates to a helicopter engine manufactured by Rolls-Royce and repaired by H-S Tool and the Cadorath Defendants.

[30] The Cadorath Defendants and H-S Tool contend that they did not consent to jurisdiction. From my perspective, they could not be more wrong. The Cadorath Defendants and H-S Tool are Rolls-Royce Authorized Repair Facilities because of their agreements with Rolls-Royce. Those agreements stated that all suits relating to the agreements shall be brought and tried in Marion County, Indiana.

[31] As noted by Judge Baker in the majority opinion, H-S Tool entered into an Authorized Repair Facility Agreement with Rolls-Royce in 2000. Cadorath Aerospace, Inc. did the same in March of 2004, and Cadorath Aerospace Lafayette, LLC followed in March of 2005. At the time of the tragic accident in 2015 giving rise to these proceedings, each of the three companies had been an Authorized Repair Facility for Rolls-Royce for more than a decade. During this time period, representatives of the three companies travelled to the Rolls-Royce facility in Indiana on multiple occasions.

[32] While their day-to-day business is conducted outside the state of Indiana, H-S Tool and the Cadorath Defendants have extensive contacts with Rolls-Royce in Indiana, and each of the three entities has consented to jurisdiction in Indiana

for matters relating to their agreement. Paragraph (9) of the agreements provides:

> The parties hereby agree that *all suits*, actions, proceedings, litigation, disputes or claims *relating to* or arising out of *this Agreement shall be brought and tried in the Superior or Circuit Court of Marion County, Indiana* or the United States District Court for the Southern District of Indiana, Indianapolis Division. In this regard, the parties hereby (a) agree that venue shall be in any of such courts, (b) *irrevocably consent* to service of process and *to the jurisdiction* and venue of any of such courts, and (c) *irrevocably waive any claim of inconvenient forum* if any such suit, claim, proceeding, litigation, dispute or claim has been filed, brought or made in either of such courts.

Appellants' Joint App. Vol. IV p. 207 (emphasis added). Of particular significance are the provisions in which the parties consent to jurisdiction and waive any claim of inconvenient forum.

[33] The Cadorath Defendants and H-S Tool contend that the language set out above is in an "unrelated contract." They could not be more wrong. Indeed, what they deem an "unrelated contract" sets out the essential terms of their relationship to Rolls-Royce and made them Authorized Rolls-Royce Repair Facilities. But for what they deem to be an "unrelated contract," they would not have been Authorized Rolls-Royce Repair Facilities, nor would they have been hired to repair the helicopter engine here at issue.

[34] I would affirm the trial court's order and remand for trial.