FILED

Nov 30 2016, 9:11 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court



ATTORNEY FOR APPELLANT

Peter J. Sacopulos
Sacopulos, Johnson & Sacopulos
Terre Haute, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Judi Simek, <br> *Appellant-Defendant,* <br><br> and <br><br> Scott Everett, <br><br> *Defendant,* <br><br> v. <br><br> Christopher Nolan d/b/a Lakeside Farm, LLC, and William P. McCall, III, <br><br> *Appellees-Plaintiffs* | November 30, 2016 <br><br> Court of Appeals Case No. 10A01-1603-CT-412 <br><br> Interlocutory Appeal from the Clark Circuit Court <br><br> The Honorable Andrew Adams, Judge <br><br> Trial Court Cause No. 10C01-1212-CT-204 |

**Crone, Judge.**

## Case Summary

[1] Judi Simek brings an interlocutory appeal from the trial court's denial of her motion to reconsider its previous denial of her motion to dismiss the claims

filed against her by Christopher Nolan d/b/a Lakeside Farm, LLC, and William P. McCall, III (collectively "the Plaintiffs"). Specifically, Simek asserts that dismissal is warranted pursuant to Indiana Rule of Trial Procedure 12(B)(2) because the trial court lacks personal jurisdiction over her. We agree and therefore reverse and remand with instructions for the trial court to dismiss the Plaintiffs' claims against Simek.

## Facts and Procedural History

[2] The well-pleaded facts, both challenged and unchallenged, when viewed in the light most favorable to the Plaintiffs indicate that plaintiff Christopher Nolan, d/b/a Lakeside Farm, LLC, is a limited liability corporation located in and formed according to the laws of the State of Indiana. Plaintiff William P. McCall, III, resides in Sellersburg. At some point in time, Nolan contacted Scott Everett[1] via telephone regarding the possibility of Everett training two thoroughbred horses, Pacific Palisades and Cinnamon Beach, that were located in Indiana and owned by Nolan and McCall. Everett is a licensed thoroughbred trainer in the State of New York. Everett sent a third party to Indiana to evaluate the horses. Nolan and Everett subsequently entered into an oral contract which provided that Everett would train the horses and assume all costs of such training in exchange for a thirty-percent ownership in the horses. It was agreed that any purse money realized by the horses would be split

---

[1] We note that defendant Scott Everett does not participate in this interlocutory appeal. However, we included him in the case caption because, pursuant to Indiana Appellate Rule 17(A), "A party of record in the trial court or Administrative Agency shall be a party on appeal."

equally minus jockey fees. Thereafter, the horses were transported by a third party from Indiana to Kentucky. Approximately eighty to ninety days later, the horses were transported from Kentucky to Florida. Everett took possession of the horses in Florida.

[3] Sometime after August 11, 2010, Everett notified Nolan that Pacific Palisades was incapable of racing. Nolan and Everett determined that the horse would be given away. In February 2011, Everett notified Nolan that Cinnamon Beach had suffered a "career ending" broken foot injury. Appellant's App. at 14. Based upon Everett's representation of the injury, Nolan advised Everett "to obtain a good home for the horse as it was no longer capable of thoroughbred racing." *Id.*

[4] However, in early 2012, Nolan learned that Cinnamon Beach had competed in several thoroughbred races, all occurring outside of Indiana, and that the horse had won approximately $159,418 in purse money. When Nolan contacted Everett regarding what he had learned, Everett advised him that ownership of Cinnamon Beach had been transferred to Simek.

[5] On December 28, 2012, the Plaintiffs filed a complaint for damages against Everett and Simek in the Clark Circuit Court. The complaint, sounding in contract and tort law, alleges that Everett "breached the oral contract for training services," that Everett and Simek "committed fraud and misrepresentation concerning the condition of Cinnamon Beach," and that Everett and Simek "converted the Plaintiffs['] thoroughbred horse to their own

use without the knowledge and consent of the Plaintiffs ….” *Id*. at 16.[2] Everett and Simek subsequently filed a motion to dismiss pursuant to Indiana Trial Rule 12(B)(2) challenging the trial court's personal jurisdiction over them. The Plaintiffs responded to the motion to dismiss, and the trial court heard argument from counsel for all parties at a hearing on February 3, 2014. Following the hearing, the trial court denied the motion to dismiss and directed “that depositions be taken of Mr. Nolan, Mr. Everett and Ms. Simek and lock in facts under oath. The Court will grant leave to renew the motion [to dismiss] once those facts are locked in under oath, subject to later discovery.” *Id*. at 6.

[6] It appears from the record that no depositions were ever taken. On August 18, 2015, Simek filed a motion to reconsider the motion to dismiss for lack of personal jurisdiction. In support of her motion to reconsider, Simek submitted her own affidavit as well as four additional affidavits, including that of her co-defendant Everett. In her personal affidavit, Simek avers that she is a resident of the State of New York. She states that she has never been to Indiana, does not know anyone in Indiana, does not possess any assets or real property in Indiana, has never conducted business in Indiana, has never had any communication with any business or individual located in Indiana, and has no

---

[2] In addition to seeking damages for the current value of Cinnamon Beach and fifty percent of all purse monies won by Cinnamon Beach since November 2011, the Plaintiffs seek damages pursuant to Indiana Code Section 34-24-3-1, which provides that a person who “suffers a pecuniary loss as a result of a violation of [the criminal conversion statute]” may bring a civil action against the person who caused the loss to recover an amount not to exceed three times the actual damages of the person suffering the loss. We note that the Plaintiffs incorrectly cite the applicable statute in their complaint; we have provided the correct citation.

intention, other than as necessary for the purposes of the current litigation, of entering Indiana. *Id*. at 107. Simek states that she had no involvement with or knowledge of Cinnamon Beach until the horse was physically present in New York. She further states that any investment or other transaction regarding her co-ownership of Cinnamon Beach with Everett occurred in New York, and that Everett has never, at any time, acted as her agent, employee, or representative in any capacity.

[7] The trial court held a hearing on the motion to reconsider on December 15, 2015. Following the hearing, the trial court entered an order again denying the motion to dismiss and ordering "previous discovery to be completed." *Id*. at 106. Upon Simek's motion, the trial court stayed the discovery order as it applied to her and certified its order denying the motion to dismiss for interlocutory appeal. We accepted jurisdiction. Additional facts will be provided as necessary.

## Discussion and Decision

[8] As a preliminary matter, we observe that the Plaintiffs did not file an appellees' brief. Where an appellee fails to file a brief, we do not undertake to develop arguments on that party's behalf; rather, we may reverse upon a prima facie showing of reversible error. *Morton v. Ivacic*, 898 N.E.2d 1196, 1199 (Ind. 2008). Prima facie error is error "at first sight, on first appearance, or on the face [of] it." *Id*. The "prima facie error rule" relieves this Court from the burden of controverting arguments advanced for reversal, a duty which remains

with the appellee. *Geico Ins. Co. v. Graham*, 14 N.E.3d 854, 857 (Ind. Ct. App. 2014). Nevertheless, we are obligated to correctly apply the law to the facts in the record in order to determine whether reversal is required. *Id.*

[9] Simek contends that the trial court erred in denying her motion to reconsider her motion to dismiss for lack of personal jurisdiction pursuant to Indiana Trial Rule 12(B)(2). A motion to dismiss pursuant to Trial Rule 12(B)(2) is a proper method for challenging the personal jurisdiction of a trial court. *LinkAmerica Corp. v. Cox*, 857 N.E.2d 961, 965 (Ind. 2006). The existence of personal jurisdiction is a question of law that we review de novo. *Id.* While we do not defer to a trial court's legal conclusion regarding the existence of personal jurisdiction, whether "personal jurisdiction exists turns on facts, namely the extent of a defendant's contacts with the forum, and ordinarily a trial court's factual findings on that point would be reviewed for clear error." *Wolf's Marine Bar, Inc. v. Brar*, 3 N.E.3d 12, 15 (Ind. Ct. App. 2014).

[10] Here, in denying Simek's motion to dismiss and her motion to reconsider, the trial court made no findings of jurisdictional facts. Where the trial court does not find jurisdictional facts, "we may accept the plaintiff's well-pleaded facts to the extent they are not challenged, and we may view challenged facts in favor of the plaintiff." *JPMorgan Chase Bank, N.A. v. Desert Palace, Inc.*, 882 N.E.2d 743, 747 (Ind. Ct. App. 2008), *trans. denied.* The party challenging the trial court's personal jurisdiction bears "the burden of establishing the lack thereof by a preponderance of the evidence." *Id.* at 748. "We presume jurisdiction exists

until the defendant comes forth with evidence sufficient to challenge jurisdiction." *Id*.

[11] We note that the Plaintiffs' complaint mentions few facts that are relevant to the personal jurisdiction question. We also note that the Plaintiffs' response to Simek's motion to dismiss challenging personal jurisdiction primarily addresses facts relevant to the court's jurisdiction over Everett. As for the affidavits submitted by Simek in support of her motion to reconsider, they stand unopposed by the Plaintiffs, as does Simek's account of the underlying facts provided in her brief on appeal. With this in mind, we turn to our de novo review.

[12] Recently, our supreme court reiterated Indiana's approach to personal jurisdiction as follows:

> Personal jurisdiction refers to a court's power to impose judgment on a particular defendant. In Indiana, personal jurisdiction analysis begins with Indiana Trial Rule 4.4(A), which sets out examples of activities that often support jurisdiction. It also provides that "a court of this state may exercise jurisdiction on any basis not inconsistent with the Constitutions of this state or the United States."
>
> In *LinkAmerica Corp. v. Cox,* we interpreted this catchall "any basis" provision to "reduce analysis of personal jurisdiction to the issue of whether the exercise of personal jurisdiction is consistent with the federal Due Process Clause." 857 N.E.2d at 967. More specifically, before an Indiana court can properly assert personal jurisdiction over a defendant, the Due Process Clause of the Fourteenth Amendment mandates that the defendant have "certain minimum contacts with the state such that the

maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Id.* (citing *Int'l Shoe Co. v. Wash.,* 326 U.S. 310, 316 (1945)). Minimum contacts include acts defendants themselves initiate within or without the forum state that create a substantial connection with the forum state itself. *See Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 475 (1985); *see also Anthem Ins. Cos., Inc. v. Tenet Healthcare Corp.,* 730 N.E.2d 1227, 1235 (Ind. 2000), *superseded on other grounds* by *LinkAmerica.*

The "minimum contacts" test of *International Shoe* and its progeny ensures that a defendant's contacts with Indiana make an Indiana court's exercise of personal jurisdiction fair and just. *LinkAmerica,* 857 N.E.2d at 967 (citing *Int'l Shoe Co.,* 326 U.S. at 316). To state this another way, due process requires that potential out-of-state defendants be able to predict what conduct might make them liable in our courts. *Burger King,* 471 U.S. at 472 (quoting *World-Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 297 (1980)). *See also Int'l Shoe Co.,* 326 U.S. at 319; *Anthem Ins. Cos.,* 730 N.E.2d at 1235-36. "The Due Process Clause ... gives a degree of predictability to the legal system that allows potential defendants to structure their primary conduct with some minimum assurance as to where that conduct will and will not render them liable to suit." *WorldWide Volkswagen,* 444 U.S. at 297 (citation omitted). Consistent with this longstanding precedent, Indiana courts will employ caution and exert potentially coercive legal authority only over a defendant who has the requisite minimum contacts to Indiana. *Int'l Shoe Co.,* 326 U.S. at 316 (citing *Pennoyer v. Neff,* 95 U.S. 714 (1877)).

*Boyer v. Smith*, 42 N.E.3d 505, 509 (Ind. 2015) (parallel citations omitted).

[13] There are two types of personal jurisdiction: general and specific. If the defendant's contacts with the state are so "continuous and systematic" that the defendant should reasonably anticipate being haled into the state's courts for

any matter, the defendant is subject to general jurisdiction. *LinkAmerica*, 857 N.E.2d at 967 (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 415 n. 9 (1984)). If the defendant's contacts with the state are not "continuous and systematic," the defendant may be subject to specific jurisdiction "if the controversy is related to or arises out of the defendant's contacts with the forum state." *Id.* (citing *Helicopteros,* 466 U.S. at 414 & n. 8).

[14] In this case, the only possible basis for the trial court to exercise jurisdiction over Simek would be specific jurisdiction. "Specific jurisdiction exists when a lawsuit arises from or is closely related to a defendant's minimum contacts with or substantial connection to the forum state." *Boyer*, 42 N.E.3d at 510. In other words, specific jurisdiction requires purposeful availment. *Id.* A single contact with the forum state may be sufficient to establish specific jurisdiction over a defendant, if it creates a "substantial connection" with the forum state and the suit is related to that connection. *McGee v. Int'l. Life Ins. Co.,* 355 U.S. 220, 223 (1957). However, a defendant cannot be haled into a jurisdiction "solely as a result of random, fortuitous, or attenuated contacts or of the unilateral activity of another party or a third person." *Burger King,* 471 U.S. at 476-77 (internal quotation marks omitted) (citing *Helicopteros,* 466 U.S. at 417; *Keeton v. Hustler Magazine, Inc.,* 465 U.S. 770, 774 (1984); *WorldWide Volkswagen Corp.,* 444 U.S. at 299).

[15] When evaluating a defendant's contacts with the forum state, a court should consider:

> (1) whether the plaintiff's claim arises from the defendant's forum contacts; (2) the overall contacts of the defendant or its agent with the forum state; (3) the foreseeability of being haled into court in that state; (4) who initiated the contacts; and (5) whether the defendant expected or encouraged contacts with the state.

*Wolf's Marine,* 3 N.E.3d at 15. "[M]inimum contacts analysis focuses on the relationship among the defendant, the forum, and the litigation." *Boyer*, 42 N.E.3d at 510 (citations and quotation marks omitted). That is to say, a defendant's "suit-related conduct" must create a substantial connection to the forum State." *Id*. Indeed, "a substantial connection to Indiana is the touchstone, because that is the only way defendants can reasonably anticipate being called into court here to defend themselves." *Id.* at 511.[3]

[16] Without question, we think that Simek has proved the trial court's lack of personal jurisdiction by a preponderance of the evidence. Not only has Simek had insufficient contact with the State of Indiana to establish specific jurisdiction, she has had no contact with Indiana whatsoever. It is undisputed that Simek has never been to Indiana and has never owned, operated, or conducted any business in Indiana. It is undisputed she was not a party to any negotiations or resulting oral contract with the Plaintiffs regarding the training or ownership of Cinnamon Beach, and in her uncontested affidavit, Simek

---

[3] Even if a defendant's contacts are sufficient to confer personal jurisdiction, due process requires that the assertion of jurisdiction over the defendant be reasonable. *LinkAmerica,* 857 N.E.2d at 967. Because we conclude that Simek did not have sufficient minimum contacts with Indiana, we need not reach the reasonableness inquiry.

avers that she had no involvement with or knowledge of Cinnamon Beach until the horse was physically present in New York. Simek also avers that Everett is not and never has been her agent or representative for any purpose.

[17] Simek's sole relationship with this litigation is the fact that she appears to have a current business arrangement with Everett regarding the ownership of Cinnamon Beach. There are no facts to indicate that she personally initiated, expected, or encouraged contacts with Indiana such that she could have reasonably foreseen being haled into court here. This case is a prime example of when a defendant cannot be haled into a jurisdiction solely as a result of the unilateral activity of another party and/or a third person. Simply put, Simek does not have a substantial connection to Indiana, and therefore she cannot be said to have purposely availed herself of the trial court's jurisdiction.

[18] In sum, Indiana lacks specific jurisdiction over Simek. Her alleged conduct, even when viewed in the light most favorable to the Plaintiffs, did not establish a substantial connection between herself and this State, and thus cannot support personal jurisdiction. Simek has established prima facie error in the trial court's denial of her motion to reconsider her motion to dismiss for lack of personal jurisdiction. Consequently, we reverse and remand with instructions for the trial court to dismiss the Plaintiffs' claims against Simek.

[19] Reversed and remanded.

Kirsch, J., and May, J., concur.