

**FILED**

May 23 2017, 8:47 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

William Joseph Jenner
David R. Sutter
Jenner, Pattison, Sutter & Wynn, LLP
Madison, Indiana

ATTORNEY FOR APPELLEES

Mary J. Stotts
Madison, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| City of Madison, Indiana, | May 23, 2017 |
| *Appellant-Defendant,* | Court of Appeals Case No. 39A01-1602-MI-401 |
| v. | Appeal from the Jefferson Circuit Court. |
| William L. Demaree and Betty K. Demaree, | The Honorable W. Gregory Coy, Special Judge. |
| *Appellees-Plaintiffs.* | Cause No. 39C01-1103-MI-221 |

**Sharpnack, Senior Judge**

## Statement of the Case

[1]  The City of Madison appeals the trial court's reversal of the Madison City Council's denial of the Demarees' application to rezone a piece of property. We reverse and remand with instructions to affirm the decision of the City Council.

## Issue

The City presents one question for our review: whether the trial court erred by reversing the City Council's decision to deny the Demarees' application to rezone and, in doing so, applied an incorrect standard of review.

## Facts and Procedural History

The Demarees own real property in Madison, Indiana that is zoned R4 (residential). In May 2010, they filed an application with the City of Madison Planning Commission seeking to rezone the property from R4 to GB (general business). The application was initially heard by five of the nine members of the Planning Commission on June 7, 2010, at which time the Planning Commission voted to give the application an unfavorable recommendation. The Demarees then appeared before the Madison City Council. The City Council asked the Demarees to return to the Planning Commission for a recommendation from the full board.

The Demarees' application was tabled by the Planning Commission at both the August and September meetings. On October 4, 2010, the Demarees' application was heard by the Planning Commission and given a favorable recommendation.

On January 4, 2011, the Demarees' application to rezone their property was given its first reading before the City Council. Some members of the City Council expressed concern about the rezoning request and requested additional information.

[6] The request to rezone was given a second reading at the City Council meeting on January 18, 2011. At that meeting, the Council heard comments from residents and received a petition signed by residents opposing the rezoning.

[7] A third reading of the rezoning request was held at the City Council meeting on February 8, 2011. The Council voted 5-2 against the Demarees' request.

[8] On March 9, 2011, the Demarees filed a complaint in the trial court requesting a reversal of the City Council's decision. The City of Madison filed an answer, and the trial court issued an order on January 25, 2016, reversing the City Council's decision and granting the Demarees' application to rezone their property. The court issued a nunc pro tunc order on April 11, 2016. The City of Madison now appeals.

## Discussion and Decision

[9] As a preliminary matter, we observe that the Demarees did not file an appellees' brief. Where an appellee fails to file a brief, we do not undertake to develop arguments on that party's behalf; rather, we may reverse upon a prima facie showing of reversible error by the appellant. *Morton v. Ivacic*, 898 N.E.2d 1196, 1199 (Ind. 2008). Prima facie error is error "at first sight, on first appearance, or on the face of it." *Front Row Motors, LLC v. Jones*, 5 N.E.3d 753, 758 (Ind. 2014). This "prima facie error rule" relieves this Court from the burden of controverting arguments advanced for reversal, a duty which remains with the appellee. *Simek v. Nolan*, 64 N.E.3d 1237, 1241 (Ind. Ct. App. 2016).

[10] The City contends that the trial court applied the wrong standard of review when it reviewed the City Council's zoning decision. Rezoning is a legislative process. *Borsuk v. Town of St. John*, 820 N.E.2d 118, 122 (Ind. 2005). The decision whether to rezone a particular piece of property is a matter left to the sound discretion of the local legislative body. *City of Crown Point v. Misty Woods Props., LLC*, 864 N.E.2d 1069, 1075 (Ind. Ct. App. 2007).

[11] There is no provision for an appeal of a local legislative body's denial of a rezoning request. *Bd. of Comm'rs of Cnty. of Vanderburgh v. Three I Props.*, 787 N.E.2d 967, 976 (Ind. Ct. App. 2003). Rather, the procedure for review of such legislative action is to bring a suit for declaratory judgment or other similar attack. *Id.* Because the action is "legislative" and not "judicial" in nature, the reviewing court is much more limited in its scope of review. *Id.* Accordingly, review of a rezoning decision is limited to constitutionality, procedural soundness, and whether the decision is arbitrary or capricious. *Borsuk*, 820 N.E.2d at 122. A rezoning decision is arbitrary and capricious if the legislative body engaged in willful and unreasonable action without consideration and in disregard of the facts or circumstances of the case. *City of Crown Point*, 864 N.E.2d at 1075-76. Further, a reviewing court will not intervene in the local legislative process provided that it is supported by some rational basis. *Id.* at 1076.

[12] Here, in reversing the City Council's decision, the trial court relied on statutes that are inapplicable to this case. Specifically, in its order the trial court cited Indiana Code section 34-13-6-4(a), (b), and (f) (1998) and Indiana Code section

34-13-6-5(a) and (b) (1998). The whole of Indiana Code chapter 34-13-6 is inapplicable to this case because it concerns appeals from actions of municipalities where an appeal is *allowed by statute*. *See* Ind. Code § 34-13-6-1(a) (1998). As we have noted, there is no provision in our state statutes for an appeal of a legislative body's denial of a rezoning request. *See Bd. of Comm'rs of Cnty. of Vanderburgh*, 787 N.E.2d at 976.

[13] Moreover, although we have determined that, as a whole, Indiana Code chapter 34-13-6 is inapplicable to this case, we specifically note the inapplicability of Indiana Code section 34-13-6-4(b). This statute provides for a de novo standard of review for appeals under this chapter, and the trial court cited this statute as its basis for a de novo review of the Demarees' rezoning request. This is incorrect. The standard to be applied to the review of a rezoning determination is whether the decision is arbitrary or capricious. *See Borsuk*, 820 N.E.2d at 122.

[14] We now turn to whether the City Council's decision in denying the Demarees' rezoning request was arbitrary and capricious. In reviewing that decision, we are mindful of the factors to be considered. Indiana Code section 36-7-4-603 (1986) provides:

> In preparing and considering proposals [regarding rezoning], the plan commission and the legislative body shall pay reasonable regard to:
>
> (1) the comprehensive plan;
>
> (2) current conditions and the character of current structures and uses in each district;

(3) the most desirable use for which the land in each district is adapted;

(4) the conservation of property values throughout the jurisdiction; and

(5) responsible development and growth.

[15] At their June 7 meeting, the Planning Commission received information on and discussed the area's traffic volume, drainage issues, privacy issues, and property values.

[16] In October, the Planning Commission considered the presentation of the Demarees' counsel as well as the concerns of residents. The Commission heard and contemplated evidence of the character of current structures in the area, issues concerning traffic ingress and egress, the best use of the property, traffic congestion, property values, the comprehensive plan for the area, drainage issues, and privacy issues.

[17] At the City Council Meeting on January 4, 2011, the city attorney discussed the statutory procedure regarding the Council's consideration of a zoning amendment. In addition, drawings and cost estimates were requested for studies that were done on the intersection at the affected area, and the Demarees' application to rezone was given its first reading.

[18] The City Council met on January 18, 2011, at which time the application to rezone was given its second reading. Counsel for the Demarees made a statement in which she addressed the character of the structures in the affected area and the comprehensive plan of the area. Residents spoke of their concerns

of having a business or businesses in the immediate area of their residential properties, not the least of which were traffic congestion, a dangerous intersection, and business traffic flowing through the residential area. The Council was also presented with a petition signed by residents against the rezoning. The Council deliberated these issues as they were raised by the interested parties.

[19] The Demarees' rezoning request was given its third reading at the February 8 City Council meeting, and the Council voted to deny the Demarees' request. Prior to voting, one Council member addressed those present and stated that his vote was primarily based on traffic safety in the area.

[20] Thus, the evidence indicates the Planning Commission and the City Council received information about, heard comment on, and weighed and discussed all of the factors required to be considered by Indiana Code section 36-7-4-603. The balancing of these factors suggested to the City Council that this rezoning was not appropriate. These concerns provide a rational basis for the City of Madison's decision to deny the Demarees' rezoning application, and therefore it is not arbitrary and capricious.

# Conclusion

[21] For the reasons stated, we conclude the trial court applied an incorrect standard of review to the decision of the City Council and erred by reversing the City Council's decision to deny the Demarees' application to rezone. We reverse

the trial court and remand with instructions to affirm the decision of the City Council denying the request to rezone.

[22] Reversed and remanded with instructions.

Crone, J., and Brown, J., concur.