**Richard ATTAWAY and Marlene Attaway, Appellants–Defendants,**

**v.**

**Llexcyiss OMEGA and D. Dale York, Appellees–Plaintiffs.**

No. 11A01–0712–CV–608.

Court of Appeals of Indiana.

March 13, 2009.

Rehearing Denied May 14, 2009.

Lindsay T. Boyd, Elmhurst, IL, Attorney for Appellants.

Gary G. Hanner, Hanner, Hanner & Hanner, Rockville, IN, Attorney for Appellees.

## OPINION

CRONE, Judge.

### Case Summary

Richard and Marlene Attaway ("the Attaways") bring this interlocutory appeal of the trial court's denial of their motion to dismiss. We affirm and remand.

### Issues

I. Did the trial court err by denying the Attaways' motion to dismiss?

II. Is venue in Clay County proper?

III. Do the eBay and PayPal user agreements prohibit the parties from litigating their dispute?

1. On December 18, 2008, the Attaways filed a motion to strike Plaintiff's Exhibit A, alleging that the document was not admitted into evidence before the small claims court. Our review of the record indicates that the exhibit was in fact admitted at the trial court hearing on March 9, 2007. *See* Transcript, p. 67–68. Therefore, we hereby deny the Attaways' motion to strike.

### Facts and Procedural History

In January 2006, Llexcyiss Omega and D. Dale York, both residents of Indiana, jointly listed a Porsche for sale on eBay, a popular auction website. The auction was open to any registered eBay user in the United States. The listing stated that the vehicle was located in Indiana and that the "winning" bidder would be responsible for arranging and paying for delivery of the vehicle. The Attaways, residents of Idaho, entered a bid of $5,000 plus delivery costs. After being notified that they had "won" the auction, the Attaways submitted payment to Omega and York through PayPal (an online payment service owned by eBay), which charged the amount to the Attaways' MasterCard account. On or about February 5, 2006, the Attaways arranged for CarHop USA, a Washington-based auto transporter, to pick up the Porsche in Indiana and deliver it to their Idaho residence.

After taking delivery of the Porsche, the Attaways filed a claim with PayPal, asking for a refund of its payment to Omega and York because the Porsche was "significantly not-as-described" in its eBay listing. *See* Plaintiff's Exh. A.[1] On March 8, 2006, PayPal informed the Attaways via email that their claim was denied and encouraged them to "work directly with the buyer to find a resolution." *Id.* It appears that, soon thereafter, the Attaways convinced MasterCard to rescind the payment that was made to Omega and York.[2]

2. The Attaways claim that PayPal ultimately found in their favor, resulting in the total of $5,000 being returned to them. Omega and York deny this, however, and seem to allege that the Attaways obtained the refunds through MasterCard itself. Based on the record before us, we tend to believe the latter claim. The Attaways also cite to the record as proof that they tried to collect a refund from eBay but were denied. There is nothing in the record to support this claim.

On December 27, 2006, Omega and York filed suit against the Attaways in small claims court, demanding $5,900 in damages. On February 1, 2007, the Attaways filed an answer and a motion to dismiss with prejudice, citing, among other things, lack of personal jurisdiction. On August 21, 2007, the trial court denied the motion. On September 24, 2007, the Attaways filed a motion to certify order for appeal. On October 3, the Attaways filed a motion to stay proceedings pending appeal, which the trial court granted. This interlocutory appeal ensued.

### Discussion and Decision

### I. Personal Jurisdiction

■ The Attaways claim that the trial court erred in denying their motion to dismiss for lack of personal jurisdiction. When a person attacks the court's jurisdiction over him, he bears the burden of proof upon that issue by a preponderance of the evidence, unless the lack of jurisdiction is apparent upon the face of the complaint. *Lee v. Goshen Rubber Co.*, 635 N.E.2d 214, 215 (Ind.Ct.App.1994), *trans. denied.* When reviewing a motion to dismiss for lack of personal jurisdiction, we apply a de novo standard of review. *Dexter Axle Co. v. Baan USA, Inc.*, 833 N.E.2d 43, 48 (Ind.Ct.App.2005). However, personal jurisdiction turns on facts, typically related to the defendant's contacts with the forum, and findings of fact by the trial court are reviewed for clear error. *LinkAmerica Corp. v. Albert*, 857 N.E.2d 961, 965 (Ind. 2006).

Until fairly recently, determining personal jurisdiction in Indiana required an analysis under both Indiana Trial Rule 4.4 (Indiana's long arm provision) and the federal due process clause. In 2006, however, our supreme court clarified that a 2003 amendment to Indiana Trial Rule 4.4(A) "was intended to, and does, reduce analysis of personal jurisdiction to the issue of whether the exercise of personal jurisdiction is consistent with the Federal Due Process Clause." *Id.* at 967.

This federal due process analysis is well-settled. In *International Shoe Co. v. Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945), the U.S. Supreme Court established that a nonresident defendant must have "certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Id.* at 316, 66 S.Ct. 154 (citation and quotation marks omitted). The Court later clarified this test to mean that the nonresident defendant must engage in "some act by which [he] purposefully avails [himself] of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Hanson v. Denckla*, 357 U.S. 235, 253, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958).

■ There are two types of personal jurisdiction, general and specific. If the defendant's contacts with the state are so "continuous and systematic" that the defendant should reasonably anticipate being haled into the courts of that state for any matter, then he is subject to general jurisdiction, even in causes unrelated to his contacts with the forum state. *LinkAmerica*, 857 N.E.2d at 967; *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 415 n. 9, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984). The parties agree, as do we, that the Atterways are not subject to general jurisdiction in Indiana.

■ Specific jurisdiction requires that the defendant has purposefully availed himself of the privilege of conducting activities within the forum state and that his conduct and connection with that state are such that he should reasonably anticipate being haled into court there. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474–75,

105 S.Ct. 2174, 85 L.Ed.2d 528 (1985). A single contact with the forum state may be sufficient to establish specific jurisdiction over a defendant if it creates a "substantial connection" with the forum state and the suit is related to that connection. *McGee v. Int'l Life Ins. Co.*, 355 U.S. 220, 223, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957). A defendant cannot be haled into a jurisdiction "solely as a result of random, fortuitous, or attenuated contacts or of the unilateral activity of another party or a third person." *Burger King Corp.*, 471 U.S. at 475, 105 S.Ct. 2174.

 If the defendant's contacts with the forum state are sufficient to support a finding of general or specific jurisdiction, due process requires that the assertion of personal jurisdiction would comport with "fair play and substantial justice." *Id.* at 476, 105 S.Ct. 2174. To make this determination, the court may consider five factors: (1) the burden on the defendant; (2) the forum state's interest in adjudicating the dispute; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and (5) the shared interest of the several States in furthering fundamental substantive shared policies. *Id.* at 476–77, 105 S.Ct. 2174.

The instant case is one of first impression in Indiana and perhaps in the country. Several state and federal courts have addressed jurisdictional issues in eBay transaction cases where dissatisfied buyers have sued sellers, alleging misrepresentation. Our research, however, has not revealed any cases in which an eBay *seller* has sued a buyer for rescission of payment after the buyer has picked up the item in the seller's state. These distinctions are significant to our analysis.

As guidance, we first look to similar cases decided in other jurisdictions in re-cent years. For example, in the U.S. District Court, Eastern District of Michigan, a Michigan-based buyer sued a New York-based seller for breach of contract, fraud, and misrepresentation when the seller accepted buyer's payment of $649.20 and failed to ship the paintings described in two eBay auction listings posted by the seller. *See Dedvukaj v. Maloney*, 447 F.Supp.2d 813 (E.D.Mich.2006). In concluding that the buyer had made a prima facie case that the seller was subject to personal jurisdiction in Michigan, the court considered many factors, including the following: the seller's use of eBay was "regular and systemic"; the seller required a warehouse for its goods to be sold on eBay; the seller offered a toll-free telephone number and appeared to have several employees; and the seller placed extensive photographs, detailed descriptions, logos, slogans, and other marketing materials on the auction listings. Based on all of these factors, the court found that the seller had purposely availed itself of acting in Michigan.

In the case of a single online transaction, the outcome may be different. In *Boschetto v. Hansing*, 539 F.3d 1011 (9th Cir. 2008), *cert. denied* (2009), a California resident purchased a car from a Wisconsin seller via eBay. The buyer hired a transport company to pick up the car in Wisconsin and deliver it to him in California. When the car arrived, the buyer found the vehicle to be in poorer condition than the seller had represented on eBay. The buyer sued the seller in the U.S. District Court for the Northern District of California based on diversity of citizenship. Upon seller's motion, the district court dismissed the complaint for lack of personal jurisdiction.

In considering whether the seller purposefully availed himself of doing business in California, the Ninth Circuit Court not-

ed that the transaction did not create any ongoing obligation between the parties, there was no continuing commitment assumed by the seller in the contract, and the performance of the contract did not require the seller to engage in any substantial business in California. The court also noted that the seller did not specifically direct his sale to California residents; rather eBay was a conduit for a one-time transaction to the California buyer. Considering these facts, the Ninth Circuit Court determined that the seller did not have sufficient minimum contacts with the buyer's state to support personal jurisdiction.

A recent New York case involving an eBay auto sale effectively summarized the apparent trends on the issue of jurisdiction in online transactions:

> [T]he majority of ... courts [that have considered the issue of jurisdiction in online auction cases] have held that the usual online auction process does not rise to the level of purposeful conduct required to assert specific jurisdiction.... The courts finding no jurisdiction often have focused on the logistics germane to an on-line auction where the choice of the highest bidder is beyond the control of the seller, and similarly that the only intent manifested by the eBay seller is to sell to the highest bidder, regardless of identity or location. These courts have reasoned [that] where the eBay seller has no authority over the audience to which the listing of their good(s) are disseminated, such sales are merely random and attenuated contacts and do not raise to the level of purposeful availment required to meet due process.
>
> The few courts that have found personal jurisdiction over purely on-line auction sales have focused primarily on the sophistication of the seller. Traditionally, courts have applied the "sliding scale" test in internet jurisdiction cases, which seeks to distinguish interactive from passive websites (*see Zippo Mfg. Co. v. Zippo Dot Com, Inc.*, 952 F.Supp. 1119 (W.D.Pa., 1997)). Under the *Zippo* sliding scale test, proper exercise of personal jurisdiction in a claim involving Internet contact is directly proportional to the commercial interactivity of the website over which the contact is made. However, this mode of analysis makes little sense in the eBay context since eBay, and not the user, controls the interactivity and marketing efforts of the website. As noted in *Action Tapes [Inc. v. Weaver*, 2005 WL 3199706 (N.D.Tex.2005) ], the sellers and buyers who connect through eBay cannot be said themselves to control eBay's degree of commercial interactivity anymore than a buyer and seller at Sotheby's can be said to be responsible for the premises or to control the auctioneer. Accordingly, the sliding scale standard is not applicable in the current case. Courts such as *Dedvukaj* appear to be applying a modified *Zippo* analysis, aimed not at determining the interactivity or passivity of the eBay internet site itself, but instead seeking to distinguish between the purposeful activity and the impressions created by the activity and representations of the individual eBay user from the standard content, templates, and general structure provided to all eBay users. Regardless of whether such a sliding scale analysis is employed or not, the crucial question remains whether the quality of the New York contact was of such a nature that the defendant can be said to have purposefully invoked the benefits and protections of New York law.

*Sayeedi v. Walser*, 15 Misc.3d 621, 835 N.Y.S.2d 840, 845–46 (N.Y.City Civ.Ct.

2007) (some citations and quotations omitted).

Finally, the Attaways direct us to a U.S. District Court Case from New Jersey which they claim is "[m]ost parallel" to the instant case. Appellant's Br. at 9. In *Machulsky v. Hall*, the buyer, an Oregon resident, purchased a U.S. mint coin set from the seller, a New Jersey resident, via eBay. 210 F.Supp.2d 531 (D.N.J.2002). The seller shipped the set to the buyer, and upon receipt, he claimed it was not the set he had ordered and shipped it back to the seller. When seller refused the buyer's requests for a refund, the buyer posted negative comments on the seller's eBay "feedback" page. She sued the buyer and several other buyers, claiming that they had violated the Racketeer Influenced and Corrupt Organizations Act by conspiring to defame her and ruin her business. In that case, the U.S. District Court found that "this single purchase, *without more,* is not a sufficient premise upon which the Court can exercise personal jurisdiction [over the Oregon buyer]." *Id.* at 542 (emphasis added). While we agree with the Attaways that the instant case also revolves around a single eBay purchase, we think their actions surrounding the purchase tip the scale in favor of personal jurisdiction.

Here, the Indiana sellers, Omega and York, filed suit against the Idaho buyers, the Attaways, after the Attaways took delivery of the vehicle and then rescinded payment. As mentioned above, the Attaways were able to see the sellers' location prior to making their bid on the Porsche. Presumably, a person considering placing a bid in an online auto auction would note the vehicle's location, particularly when, as here, the seller states that the buyer will be responsible for arranging and paying for delivery. Obviously, delivery fees could vary significantly, depending upon how far away the vehicle is from the buyer's home.

■ By submitting a bid, the Attaways agreed to appear, in person or by representative, in Indiana to pick up the vehicle. After they "won" the Porsche, they hired an auto shipping company, based in Washington, to enter the state of Indiana as their representative, pick up the Porsche, and deliver it to them in Idaho. In sum, during the course of this transaction, there was more than just a single online purchase to satisfy the personal jurisdiction requirements of the federal due process clause. Therefore, we conclude that the Attaways purposefully availed themselves of the privilege of conducting activities within the State of Indiana such that they could reasonably anticipate defending a lawsuit in Indiana related to this eBay purchase.

■ As for whether the attachment of personal jurisdiction comports with "fair play and substantial justice[,]" we consider the factors set forth above. *See Burger King Corp.* 471 U.S. at 476, 105 S.Ct. 2174. It appears that the burden on the Attaways is no greater than the burden would be on Omega and York if they were forced to bring this case in Idaho. As for efficient resolution of the controversies, it is not evident that there would be greater travel expenses or inconvenience for more people if the case is tried in Indiana. In weighing the interests of the states, it is certainly within the bounds of fair play and substantial justice to allow Indiana to exercise personal jurisdiction over individuals who have entered into a contract with an Indiana resident for the purchase of property located in Indiana, have removed that property from the state of Indiana, and then rescinded payment.

Based on all of the above, we affirm the trial court's denial of the Attaway's motion to dismiss.

## II. Small Claims Rules

 The Attaways also argue that pursuant to the Small Claims Rules, venue in Clay County is improper because "[a]t no time did the Attaways enter into a transaction which availed themselves of Clay County." Appellant's Br. at 12. As Omega and York point out, the Attaways sent a representative to Clay County to pick up the vehicle after it was purchased. This action was sufficient to establish venue in Clay County.

## III. Online Dispute Resolution Process

The Attaways also contend that eBay and PayPal users are required to use those websites' dispute resolution processes in lieu of litigation. They direct us to the current PayPal user agreement and eBay dispute resolution procedures posted online, although we have no way of knowing if these were the versions in effect at the time of the transaction in this case. At any rate, the Attaways fail to show us any language within these documents suggesting that the online dispute resolution process is a buyer or seller's sole recourse in the event a dispute arises. Moreover, the Attaways fail to cite any caselaw in which an eBay dispute has been dismissed for lack of jurisdiction on these grounds. Therefore, this argument must fail.

We hereby affirm the trial court's denial of the Attaways' motion to dismiss and remand for trial.

Affirmed and remanded.

ROBB, J., concurs.

BROWN, J., concurs with separate opinion.

BROWN, Judge concurring.

I concur with the majority opinion but write separately to clarify that my concurrence is based on the specific facts before us, and that in weighing the interests of the states under these particular circumstances, it would be outside the bounds of fair play and substantial justice to require the seller, who is now without both the vehicle and the money for it, to bring this case in Idaho.