

FILED

Sep 26 2017, 6:07 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

John J. Schwarz, II
Schwarz Law Office, PC
Hudson, Indiana

ATTORNEYS FOR APPELLEE

William A. Ramsey
Barrett McNagny, LLP

Edmund P. Kos
David M. Mustard
Kos & Associates
Fort Wayne, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Harold David Walters,<br>*Appellant-Defendant,*<br><br>v.<br><br>Lima Elevator Company, Inc.,<br>*Appellee-Plaintiff* | September 26, 2017<br><br>Court of Appeals Case No.<br>44A03-1609-CC-2214<br><br>Appeal from the LaGrange Circuit Court<br><br>The Honorable J. Scott VanDerbeck<br><br>Trial Court Cause No.<br>44C01-1604-CC-52 |

**May, Judge.**

Harold David Walters ("Walters") appeals the trial court's grant of Lima Elevator Company's ("Lima") motion to correct error. He argues the trial court erred when it determined it had specific personal jurisdiction over him. We affirm and remand for further proceedings.

## Facts and Procedural History

On April 26, 2016, Lima filed a claim against Walters, a resident of Michigan, in LaGrange Circuit Court for non-payment of a purchase made on April 30, 2010. On June 17, 2016, Walters filed a motion to dismiss for lack of jurisdiction. On June 20, 2016, the trial court granted Walters' motion to dismiss for lack of jurisdiction.

On July 18, 2016, Lima filed a motion to correct error, alleging the court erred when it granted Walters' motion to dismiss because the facts underlying Walters' motion were unsupported by affidavit or verified pleading. Based thereon, Lima claimed Walters failed to meet his burden to prove lack of personal jurisdiction.[1] Walters responded on August 10, 2016, and on August 30, 2016, the trial court granted Lima's motion to correct error, concluding it had specific personal jurisdiction over Walters.

---

[1] Lima also argued the court's order was premature because Lima had not been given an opportunity to respond to Walters' motion.

[4] A trial court has broad discretion in ruling on a motion to correct error.[2] *Volunteers of Am. v. Premier Auto Acceptance Corp.*, 755 N.E.2d 656, 658 (Ind. Ct. App. 2001). We will reverse only for an abuse of that discretion. *Id.* An abuse of discretion occurs if the decision was against the logic and effect of the facts and circumstances before the court or if the court misapplied the law. *Id.*

[5] Our review of a trial court's decision regarding personal jurisdiction is well-settled:

> "Personal jurisdiction is the court's power to bring a person into its adjudicative process and render a valid judgment over a person." *Brockman v. Kravic*, 779 N.E.2d 1250, 1254 (Ind. Ct. App. 2002). "The existence of personal jurisdiction over a defendant is a constitutional requirement to rendering a valid judgment, mandated by the Due Process Clause of the Fourteenth Amendment." *Anthem Ins. Cos. v. Tenet Healthcare Corp.*, 730 N.E.2d 1227, 1237 (Ind. 2000). "Because Indiana state trial courts are courts of general jurisdiction, jurisdiction is presumed. Therefore, the plaintiff need not allege jurisdiction in its complaint." *Id.* at 1231 (footnote [o]mitted). "[O]nce the party contesting jurisdiction, usually the defendant, challenges the lack of personal jurisdiction, the plaintiff must present evidence to show that there is personal jurisdiction over the defendant. However, the defendant bears the burden of proving the lack of personal jurisdiction by a preponderance of the

---

[2] The court's order is a final judgment under Indiana Rule of Appellate Procedure 2(H)(4), which states a judgment is a final judgment if "it is a ruling on either a mandatory or permissive Motion to Correct Error which was timely filed under Trial Rule 59." Our court has jurisdiction over appeals from final judgments under Indiana Rule of Appellate Procedure 5(A).

evidence, unless the lack of jurisdiction is apparent on the face of the complaint." *Id.* "It is within the trial court's sound discretion to decide the jurisdictional facts." *Brockman*, 779 N.E.2d at 1255. "A trial court's findings of jurisdictional facts are generally reviewed for clear error. Once the court has decided those facts, however, whether personal jurisdiction exists is a question of law. We review a trial court's determination of personal jurisdiction *de novo*." *Id.* (citations omitted).

*Keesling v. Winstead*, 858 N.E.2d 996, 1000-1 (Ind. Ct. App. 2006).

Here, the trial court found Walters "purposefully availed himself of the privilege of conducting business with Lima Elevator within Indiana, such that he could reasonably anticipate defending a lawsuit in Indiana related to his failure to pay for his credit purchases that he picked up from Lima Elevator in Indiana." (App. Vol. II at 7.) Based on that finding, the trial court concluded it had specific personal jurisdiction over Walters in Lima's claim against him.

Regarding the determination of specific personal jurisdiction, our Indiana Supreme Court has explained

> specific jurisdiction may be asserted if the controversy is related to or arises out of the defendant's contacts with the forum state. [*Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408,] 414 & n. 8, 104 S. Ct. 1868 [(1984)]. Specific jurisdiction requires that the defendant purposefully availed itself of the privilege of conducting activities within the forum state so that the defendant reasonably anticipates being haled into court there. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474-75, 105 S. Ct. 2174, 85 L.Ed.2d 528 (1985). A single contact with the forum state may be sufficient to establish specific jurisdiction over a defendant, if it creates a "substantial connection" with the forum

state and the suit is related to that connection. *McGee v. Int'l Life Ins. Co.*, 355 U.S. 220, 223, 78 S. Ct. 199, 2 L.Ed.2d 223 (1957). But a defendant cannot be haled into a jurisdiction "solely as a result of random, fortuitous, or attenuated contacts or of the unilateral activity of another party or a third person." *Burger King*, 471 U.S. at 475, 105 S. Ct. 2174 (internal quotation marks omitted) (citing *Helicopteros*, 466 U.S. at 417, 104 S. Ct. 1868; *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 774, 104 S. Ct. 1473, 79 L.Ed.2d 790 (1984); *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 299, 100 S. Ct. 559, 62 L.Ed.2d 490 (1980)).

*LinkAmerica Corp. v. Cox*, 857 N.E.2d 961, 967 (Ind. 2006). Walters contends the trial court did not have specific personal jurisdiction over him because the transaction from which Lima's claim arose was not sufficiently substantial to satisfy the requirements for specific personal jurisdiction. We disagree.

[8]     To support his argument, Walters contends:

> Lima has sued Walters for non-payment of money. The entirety of Walters' contact with Indiana, as to the 2010 transaction with Lima was a) ordering seed from an Indiana company and b) crossing into Indiana to pick up the seed. Lima is not suing Walters for ordering the seed. Nor is it suing Walters for picking up the seed. Lima is suing Walters alleging the non-payment of money for the seed he received.

(Reply Br. of Appellant at 9.) We are hard pressed to conclude anything other than that Walters has described facts to support the exact opposite of what he purports to argue. His argument provides facts to satisfy the contacts required for specific personal jurisdiction. Lima's suit against Walters alleges he did not

pay for seed he ordered from an Indiana business and picked up in Indiana. Further, the record indicates this is the third such order Walters made with Lima. There is no doubt Walters availed himself of the privilege of conducting activities in Indiana such that he could anticipate being sued in Indiana. Walters consented to Indiana courts having specific personal jurisdiction when he ordered seed from an Indiana company and traveled to Indiana to pick up the seed. *See Attaway v. Omega*, 903 N.E.2d 73, 79 (Ind. Ct. App. 2009) (specific personal jurisdiction proven in case involving non-payment for a vehicle sold by Indiana plaintiff to Idaho defendant, even when Indiana plaintiff traveled to Idaho to deliver vehicle), *reh'g denied*.

[9] Once we determine the trial court's conclusion regarding specific personal jurisdiction is correct, due process requires the assertion of personal jurisdiction "does not offend traditional notions of fair play and substantial justice." *Boyer v. Smith*, 42 N.E.3d 505, 509 (Ind. 2015). To determine this requirement, we must balance five factors:

> (1) the burden on the defendant; (2) the forum State's interest in adjudicating the dispute; (3) the plaintiff's interest in obtaining convenience and effective relief; (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and (5) the shared interest of the several States in furthering fundamental substantive social policies.

*Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476-77 (1985).

[10] Here, the balance falls squarely in favor of the trial court's determination of specific personal jurisdiction. Regarding the burden to Walters, Lima directs us

to the fact Walters lives less than twenty miles from the courthouse and to the fact it was not an imposition for Walters to come into Indiana to pick up the seed for which he allegedly did not pay. As we held in *Attaway*, a case in which we affirmed the trial court's decision to assert personal jurisdiction over a defendant in Idaho:

> [I]t is certainly within the bounds of fair play and substantial justice to allow Indiana to exercise personal jurisdiction over individuals who have entered into a contract with an Indiana resident for the purchase of property in Indiana, have removed that property from the state of Indiana, and then rescinded payment.

903 N.E.2d at 79. The trial court had specific personal jurisdiction over Walters and it therefore did not abuse its discretion when it granted Lima's motion to correct error.

# Conclusion

The trial court did not abuse its discretion when it granted Lima's motion to correct error because it had specific personal jurisdiction over Walters. We affirm and remand for further proceedings.

Affirmed and remanded.

Brown, J., and Pyle, J., concur.