## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Oct 29 2020, 9:39 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Ralph S. Francois
Hollywood, Florida

ATTORNEYS FOR APPELLEE

David J. Jurkiewicz
Nathan T. Danielson
Sarah T. Parks
Bose McKinney & Evans LLP
Indianapolis, Indiana

IN THE
# COURT OF APPEALS OF INDIANA

Ralph S. Francois,

*Appellant-Defendant,*

v.

NextGear Capital, Inc.,

*Appellee-Plaintiff.*

October 29, 2020

Court of Appeals Case No.
20A-CC-583

Appeal from the Hamilton
Superior Court

The Honorable Darren J. Murphy,
Special Judge

Trial Court Cause No.
29D06-1702-CC-1832

**Baker, Senior Judge.**

## Statement of the Case

[1] NextGear Capital, Inc. sued Ralph S. Francois and others in relation to nonpayment of a promissory note. Francois appeals the trial court's denial of his motion to dismiss NextGear's complaint and the trial court's grant of summary judgment in favor of NextGear. We affirm.

## Facts and Procedural History

[2] On February 21, 2014, Korlby Auto Sales, Inc. d/b/a DeKorlby Auto Sales Inc. ("Korlby") executed a notarized promissory note ("the note") with NextGear for a loan in the amount of $35,000. Francois signed the note as Korlby's vice-president, and Lesly Francois ("Lesly") signed as Korlby's president.[1] Among other terms, the note stated that Korlby agreed to submit to the personal jurisdiction of courts in Marion County or Hamilton County, Indiana, to adjudicate all disputes pertaining to the note.

[3] Also on February 21, 2014, Francois and Lesly signed notarized personal guarantees with NextGear, promising to fulfill Korlby's obligations under the note if Korlby defaulted. The guarantees included personal jurisdiction clauses similar to the one set forth in the note.

---

[1] The record does not explain whether or how Francois and Lesly are related.

[4]     This case began on February 22, 2017, when NextGear sued Korlby for defaulting on the note and sued Francois and Lesly for breaching their personal guarantees. On May 15, 2017, Francois filed a motion to dismiss, stating among other claims that the trial court had no subject matter jurisdiction over the issues raised in NextGear's complaint and had no personal jurisdiction over him because he lived in Florida. NextGear objected. The court denied Francois' motion.

[5]     Francois filed a motion to reconsider. The court denied the motion, stating "[t]he issues raised are of the type that must be resolved through a fact finding procedure." Appellee's App. Vol. II, p. 105. The court further set a deadline for Francois to file an answer to NextGear's complaint. Francois timely filed an unverified answer.

[6]     On January 24, 2019, NextGear filed a motion for summary judgment against Francois only. NextGear also submitted a memorandum of law and a designation of evidence. The trial court issued a scheduling order directing Francois to file a response within thirty days. On February 11, 2019, Francois filed an unverified objection to the motion for summary judgment and a motion to strike an affidavit NextGear had included in its designation of evidence. On February 25, 2019, NextGear filed a reply in support of its motion for summary judgment. On March 1, 2019 Francois filed a second motion to dismiss and a "Statement of Facts and Brief in Support of Objection to Next Gear Motion for Summary Judgment," accompanied by a designation of evidence. *Id.* at 211.

[7] The trial court held oral argument. On February 11, 2020, the trial court struck from the record Francois' second motion to dismiss and related documents, granted NextGear's motion for summary judgment, and awarded NextGear $32,932.94, plus attorney's fees to be determined later. This appeal followed.

# Discussion and Decision

## A. Motion to Dismiss

[8] Francois claims the trial court should have dismissed the case because of a lack of subject matter jurisdiction over NextGear's complaint and a lack of personal jurisdiction over him.[2] Subject matter jurisdiction is the power of a court to hear and decide the general class of actions to which a particular case belongs. *Scheub v. Van Kalker Fam. Ltd. P'ship*, 991 N.E.2d 952, 956 (Ind. Ct. App. 2013). The party challenging subject matter jurisdiction carries the burden of establishing that jurisdiction does not exist. *GKN Co. v. Magness*, 744 N.E.2d 397, 404 (Ind. 2001). Where the facts before the trial court are disputed, but the trial court rules on a paper record rather than an evidentiary hearing, we review the ruling de novo. *Id.* at 401. "[I]n determining whether a court has subject-matter jurisdiction, the only relevant inquiry is whether the petitioner's claim 'falls within the general scope of the authority conferred upon such court by the constitution or by statute.'" *State v. Reinhart*, 112 N.E.3d 705, 711-12 (Ind.

---

[2] Francois raises several other claims, but we address only the issues that are dispositive of the appeal.

2018) (quoting *State ex rel. Young v. Noble Cir. Ct.*, 263 Ind. 353, 356, 332 N.E.3d 99, 101 (1975)).

[9]     Hamilton Superior Court Number 6 is a "standard superior court." Ind. Code § 33-33-29-2 (2005). Such courts have "original and concurrent jurisdiction in all civil cases and in all criminal cases." Ind. Code § 33-29-1-1.5 (2019). NextGear presented a civil breach of contract claim against Francois, and that claim falls within the general scope of authority granted to the trial court by statute. Francois has failed to demonstrate the absence of subject matter jurisdiction over NextGear's complaint.

[10]    Personal jurisdiction refers to a court's power to impose judgment on a particular defendant. *Aquatherm GmbH v. Renaissance Assoc. I Ltd. P'ship*, 140 N.E.3d 349, 357 (Ind. Ct. App. 2020). Because Indiana courts are courts of general jurisdiction, jurisdiction is presumed. *Id.* Indiana Trial Rule 4.4(A) provides that Indiana courts "may exercise jurisdiction on any basis not inconsistent with the Constitutions of this state or the United States."

[11]    When a defendant challenges personal jurisdiction, that party bears the burden of proof upon that issue by a preponderance of the evidence, unless lack of jurisdiction is apparent upon the face of the complaint. *Attaway v. Omega*, 903 N.E.2d 73, 76 (Ind. Ct. App. 2009). A challenge to personal jurisdiction presents a question of law we review de novo. *Boyer v. Smith*, 42 N.E.3d 505, 508 (Ind. 2015).

[12] Indiana's courts "have repeatedly held that parties may consent by contract to the exercise of personal jurisdiction by courts that otherwise might not have such jurisdiction." *Mechs. Laundry & Supply, Inc. v. Wilder Oil Co., Inc.*, 596 N.E.2d 248, 251 (Ind. Ct. App. 1992), *trans. denied*. "Before a trial court may disregard or set aside an agreed to forum-selection clause, the party opposing the enforcement of the clause must 'clearly show that enforcement would be unreasonable and unjust, or that the clause was invalid for such reasons as fraud or overreaching.'" *Kimco Leasing, Inc. v. Ransom Jr. High Sch.*, 556 N.E.2d 1371, 1372 (Ind. Ct. App. 1990) (quoting *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15, 92 S. Ct. 1907, 1916, 32 L. Ed. 2d 513 (1972)).

[13] NextGear alleged in its complaint that Hamilton County's courts had jurisdiction over Francois under the terms of the note and the guarantee. The note and guarantee provide that Francois agrees that all disputes arising from those documents may be litigated in Hamilton County. Francois responded in his motion to dismiss, in an unsworn statement, that he did not sign the note or the guaranty. Under these circumstances, Francois did not carry his burden of demonstrating a lack of facts supporting personal jurisdiction, and the trial court did not err in denying his motion to dismiss.

## B. Summary Judgment

[14] Francois argues that his claim that he did not sign the note or the personal guaranty must be addressed at trial, not by summary judgment. Orders for summary judgment are reviewed de novo, and we apply the same standard of

review as the trial court. *AM Gen. LLC v. Armour*, 46 N.E.3d 436, 439 (Ind. 2015). When a party moves for summary judgment, it must "designate to the trial court all parts of pleadings, depositions, answers to interrogatories, admissions, matters of judicial notice, and any other matters on which it relies for purposes of the motion." Ind. Trial Rule 56(C). If the party demonstrates "the designated evidentiary matter shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law," *id.*, then the burden shifts to the nonmoving party to show there is a genuine issue of material fact. *AM Gen.*, 46 N.E.3d at 439. The nonmoving party may not rest on its pleadings but must instead designate specific facts demonstrating the existence of a genuine issue for trial. *Broadbent v. Fifth Third Bank*, 59 N.E.3d 305, 311 (Ind. Ct. App. 2016), *trans. denied*. All reasonable inferences will be construed in favor of the nonmoving party. *AM Gen.*, 46 N.E.3d at 439.

[15] A guaranty is a form of contract. *See Bruno v. Wells Fargo Bank, N.A.*, 850 N.E.2d 940, 945 (Ind. Ct. App. 2006) (stating guarantees are interpreted by the rules applicable to contracts). The essential elements of a breach of contract action are: (1) the existence of a contract; (2) the defendant's breach of the contract; and (3) damages. *Hopper v. Colonial Motel Props., Inc.*, 762 N.E.2d 181, 187 (Ind. Ct. App. 2002), *trans. denied*.

[16] NextGear designated evidence to the trial court that established: (1) NextGear and Francois executed a guaranty that Francois would pay Korlby's debt under

the note in the event of default; (2) neither Korlby nor Francois paid NextGear the money it was owed; and (3) NextGear suffered damages in the form of lost funds. This evidence established the elements of NextGear's claim, and Francois was obligated to "come forward with contrary evidence requiring resolution by a trier of fact." *Henderson v. Kleinman*, 103 N.E.3d 683, 687 (Ind. Ct. App. 2018).

[17] In response, Francois filed an unsworn objection to NextGear's motion, unaccompanied by any evidence. Francois attempted to file a designation of evidence only after: (1) he had filed his response; and (2) NextGear filed a reply in support of its motion for summary judgment, noting Francois' failure to designate any evidence. Francois did not request leave of court to belatedly file the designated evidence. As a result, on NextGear's motion the trial court struck Francois' second motion to dismiss and accompanying designation of evidence, deeming those documents to be "an improper attempt to place designated evidence in the record outside of the timeline allowed by Trial Rule 56." Appellant's App. Vol. II, p. 20.

[18] Under these circumstances, Francois failed to designate evidence establishing a genuine issue of material fact, and the trial court did not err in granting NextGear's motion for summary judgment. *See Kruse v. Nat'l Bank of Indianapolis*, 815 N.E.2d 137, 150 (Ind. Ct. App. 2004) (affirming grant of summary judgment despite guarantor's claim that the parties had materially

altered the terms of the underlying loan agreement; guarantor failed to designate any evidence in support of his claim).

# Conclusion

For the reasons stated above, we affirm the judgment of the trial court.

Affirmed.

Crone, J., and Brown, J., concur.